Declaration Deposition of Testimony.

I Darrin William Matt, Adult Offender #46290, Inmate, Prisoner of the State of Montana Department of Corrections Under Custody at CoreCivic, Formerly Known as Corrections Corporation of America, M.C.A. 53-30-608 Contracts with Owners or Operators of Private Correctional Facilities.

Montana Department of Corrections, (MDOC) Contract Monitor K. Alstad stated to me, "They Do Not Have to Follow That Policy!"

On June 12 - 14, 2018, An Audit was Performed.

Now I Have Requested the "Mandate" or Internal Memo, Regarding the Searches Done to Me as a Result of Anothers Action, This Mandate was Stated By CoreCivic Employees that Gave Them the Authority To "Search" Me On a Daily Basis if They Chose Too. The Staffing Problem that Contributed to Them as "Standard Security Sweeps,"

Now CoreCivic Private Facility is In the Middle of No Where in the State of Montana, Shelby, Toole County,

I Encounter Numerous CoreCivic Employees who Display "Bad Faith," Throughout the Chain of Command.

What is Policy No DOC 1.3.12 Staff Association Conduct with Offenders, For? Upon Which This is Department Policy.

I Have Received Disciplinary Action and Found Guilty and Losing Parole, and Also Found Guilty On Appeal, (Racial Bias).

No Matter I Approach CoreCivic Employee Staff I Am Met with Dishonest, Rudeness, Deception or Deceitfulness,

Therefore I Am Subject To Harassment with Multiple Searches, 7-21-18, 8-15-18, 8-16-18, 8-24-18, 8-25-18, 8-26-18, 8-31-18, 9-14-18 Upon Which I Am Denied Search Receipt When I Request One And Explain That I Am Requesting This Form So I Can Show the Racial Bias Harassment.

CORE CIVIC CONTRACT IS A PART OF POLICY and PROCEDURE OF THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS, SUCH AS M.S.P PROCEDURE 3.3.3, D.O.C. 1.3.12, WHICH COMPLETED AND SIGNED DURING MY M.D.I.U, ORIENTATION ATTENDANCE RECORD. NOW I EXHAUST THE GRIEVANCE PROCESS UNDER MSP3.3.3, Page 2 of 11, D, TIME LIMITS, EXTENSION, AND EXHAUSTION (6.) if AN INMATE'S ACTION REQUESTED IS "GRANTED", HE WILL NOT BE ALLOWED TO Appeal THE DECISION, and it is UNDERSTOOD HE HAS EXHAUSTED ALL administrative REMEDIES.

NOW I FILED GRIEVANCES AGAINST CORECIVIC, AS WELL AS D.O.C. EMPLOYEES, UPON WHICH I HAVE NOT RECEIVED ANY RESPONSE, AS I USED THE ENTIRE PROCESS. NOW I COMPLETED THE ENTIRE M.S.P./D.O.C. 3.3.300 PROCEDURE FOR FOR THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS Adult Probation & Parole BUREAU DIVISION OF LAKE COUNTY, OF THE FLATHEAD INDIAN RESERVATION, THEREFORE I FILED THE SAME GRIEVANCE PROCEDURE WITH IN CONTRACT, FACILITIES (S.T.A.R.T.), (NEXUS), (FERGUS COUNTY SHERIFF OFFICE), ON DATES OF FEB. 13TH (START), FEB 15th (NEXUS) AS TO I. AM TOLD THEY DO NOT HAVE THEM, TO WHICH THEY DESTROYED, AND DEMONSTRATE THAT CORRUPTION OF THE GRIEVANCE PROGRAM. UPON WHICH I USE THE SAME PROGRAM AT CORECIVIC, CCA, CCC, WHICH DEMONSTRATES THE SAME "ACTS" OR ACTIONS OF OTHER CONTRACT FACILITIES.

UPON WHICH, I REFER TO THE (POLICY NO. 1.3.12) AND (INMATE Rights 20.27.248 ARM) SINCE ARRIVAL AT CORECIVIC, CCA, CCC. As many STAFF OR EMPLOYEE'S STATE THEY DO NOT HAVE TO FOLLOW Policy because THEY ARE A PRIVATE PRISON FACILITY.

I DARRIN WILLIAM MATT AFFRIM THAT MY AVERMENT IS A FORMAL STATEMENT OF DECLARATION DEPOSITION TESTIMONY TO WHICH I DECLARE TRUE...

DATE: 10-1-18            INDIAN SIGNATURE: Darrin William Matt

SUBSCRIBED AND SWORN TO BEFORE ME THIS 1st DAY OF OCTOBER 2018

X _Michelle Gonzalez_
NOTARY PUBLIC FOR THE STATE OF MONTANA.

X Michelle Gonzalez
PRINT SIGNATURE NAME
RESIDING AT: Cut Bank, Montana
MY COMMISSION EXPIRES: 9-12-2021

MICHELLE GONZALEZ
NOTARY PUBLIC for the
State of Montana
SEAL
Residing at Cut Bank, Montana
My Commission Expires
September 12, 2021

DECLARATION DEPOSITION OF TESTIMONY

I DARRIN WILLIAM MATT HANDWRITTEN THIS AFFIDAVIT AND THIS STATEMENT IS CONFIRMED BY AFFIRMATION OF THE NOTARY PUBLIC FOR THE STATE OF MONTANA.

I AM A INDIAN INDIVIDUAL EXERCISING MY INDIAN RIGHT 2-1-304 MCA AND MONTANA CONSTITUTIONAL AND BASIC HUMAN RIGHTS.
I DARRIN WILLIAM MATT REQUESTED THE MEMORANDUM/MANDATE THAT AUTHORIZES THE SEARCHES BEING DONE TO ME AS A INDIAN Individual Adult OFFENDER INMATE OF THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS WITHIN THE CORECIVIC, CCA, CROSSROADS CORRECTIONAL CENTER Facility.

NOW I REQUESTED THIS similar Documentation FOR THE illegal SEARCHES, HARRASSMENT, mistreatment, Discrimination THAT IS BEING DONE TO ME AND CORECIVIC EMPLOYEES STAFF, administration, CORRECTIONAL OFFICERS DECLINE OR Refuse TO PROVIDE SUCH MEMORANDUM/MANDATE TO ME.

SINCE AUGUST 17, 2018 THIS CLAIM OF A MANDATE/MEMORANDUM WAS STATED BY A CORECIVIC EMPLOYEE STAFF TO CONDUCT SEARCHES.

THEREFORE I REQUEST POLICY NO. 3.4.1. ATTACHMENT-D, SUMMARY ACTION CELL SEARCH PROPERTY RECEIT, STATE OF MONTANA DEPARTMENT OF CORRECTIONS, UPON WHICH CORECIVIC EMPLOYEE STAFF Refuse TO PROVIDE ME.

MY AVERMENT IS A FORMAL STATEMENT OF DECLARATION DEPOSITION OF TESTIMONY TO WHICH I "DECLARE TRUE" AS THE Documentation I have OBTAINED IS LEGAL EXHIBIT EVIDENCE FOR THE VIOLATIONS INFRINGEMENT OF MY INDIAN RIGHTS.

INDIAN INDIVIDUAL SIGNATURE: _Darrin William Matt_
DATE: SEPTEMBER 20, 2018, WRITTEN BY DARRIN WILLIAM MATT
SUBSCRIBED AND SWORN TO ~~THE~~ BEFORE ME THIS 1ST day OF OCTOBER 20 18

MICHELLE GONZALEZ
NOTARY PUBLIC for the
State of Montana
Residing at Cut Bank, Montana
My Commission Expires
September 12, 2021

NOTARY SEAL

NOTARY PUBLIC FOR THE STATE OF MONTANA
_Michelle Gonzalez_
PRINT SIGNATURE
RESIDING AT: Cut Bank, Montana
MY COMMISSION EXPIRES: 9-12-21

*I HAVE BEEN REQUESTING (MANDATE) MEMORANDUM FOR THE "PRUNO" SEARCHES THAT CORRECTIONAL OFFICERS STATES THEY ARE AUTHORIZED BY THEIR BOSS, SUPERVISOR TO ALLOW DAILY "SEARCHES".*

**CoreCivic**

**MEMORANDUM**

**TO:** **Crossroads Correctional Center Inmate population**

**FROM:** **ADO Staff** *(WARDEN, A.W. CHIEF OF SECURITY),*

**DATE:** **September 19, 2018**

**SUBJECT: Movement**

Beginning immediately, Control Officers have been directed not to Open Pod Doors until a staff member is present.

Once a staff member is present you will need to present your pass or have a valid reason to leave the housing unit.

*SEPTEMBER 20, 2018.*

Bodily
RESTRAINT:
9/17/18.      DUE TO OTHERS "ACTS OR ACTIONS". Group Punishment.

# *BULLETIN*

# WARNING

**Recently there have been three cases of inmates that have used, in one form or another, a synthetic drug that has been circulating throughout the prison.**

**"Emergency room reports suggest that these drugs, or other unknown ingredients, severely affect the users' cardiovascular and central nervous system."**

**The end result has been near death with excruciating physical reaction.**

**Addiction is one thing, but utilizing a drug without concern of the potential deadly outcome is a choice that <u>no one should be taking.</u>**

CORECIVIC, CCA, CROSSROADS CORRECTIONAL CENTER, SHELBY.

RECEIVED 14:30 (230pm) SEPT. 18, 2018  CHARLIE POD (C-POD.)

DEPOSITION OF TESTIMONY AFFIDAVIT;

I, DARRIN WILLIAM MATT, INDIAN TRIBAL MEMBER OF THE CONFEDERATED SALISH KOOTENAI TRIBES OF THE FLATHEAD NATION RESERVATION (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S) OF THE STATE OF MONTANA OF THE UNITED STATES OF AMERICA, UPON WHICH I AM EXERCISING MY "LIBERTIES", UNDER M.C.A. [2-1-304], AND THE STATE OF MONTANA CONSTITUTION AND BASIC Human Rights, [49-1-101] [49-1-102] FORE WHICH I VIOLATION IN SAID "POLICIES," (1.3.12, D.O.C.) AND CORECIVIC 20.27.248 INMATE RIGHTS, AND M.C.A. 53-30-608.

ZERO TOLERANCE FOR MISCONDUCT By its EMPLOYEES TOWARD OR WITH ANY INDIVIDUAL IN THE CUSTODY OR UNDER THE SUPERVISION OF THE DEPARTMENT, MCA [2-15-2301]. THEREFORE I AM A INDIAN INDIVIDUAL OFFENDER, #46290, Adult OFFENDER, PER POLICY OF THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS POLICY DIRECTIVE, STAFF ASSOCIATION AND CONDUCT WITH OFFENDERS; 1.3.12., SEE ALSO "DEFINITIONS", MISTREATMENT, FACILITY / PROGRAMS, (START, NEXUS, FCSO) (M.S.P MDIU, CORECIVIC, C.C.A, CCC.), PROFESSIONAL RELATIONSHIP, SERVICE PROVIDERS.

BUT SEE PROHIBITED CONDUCT (C.)(1.) EMPLOYEES WHO: Violate Any civil Right OF ANY OFFENDER, PURSUANT TO 45-5-204 M.C.A ..

CONSIDERING THAT "HARM" OF Rights CAME By Multiple EMPLOYEE'S AND PRIVATE Facility Employees, I AM SUBJECT TO KANGAROO COURT WITHIN THE FACILITIES THAT ARE UNDER CONTRACT WITH DEPARTMENT, M.C.A. 2-15-2301, SUCH AS LAKE COUNTY PROBATION AND Parole, S.T.A.R.T FACILITY, NEXUS Facility, FERGUS County Sheriff OFFICE, CORECIVIC C.C.A. CCC., ASFORE I AM SUBJECT TO DISCRIMINATION MISTREATMENT.

"DERELICT" ACTS HAVE BEEN INFLICTED (OF A PERSON) SHAMEFULLY NEGLIGENT IN NOT HAVING DONE WHAT ONE SHOULD OF HAVE DONE : HE WAS DERELICT IN HIS Duty TO CONDUCT THE REVIEW PROCESS.

"DERELICTION OF DUTY", THE WILLFUL FAILURE TO Fulfill ONE'S OBLIGATIONS; THEIR DERELICTION OF Duty IN REFUSING TO COOPERATE WITH HIM IN Lifting THE EASEMENT.

INJURY (HARM/WRONG) OF INDIAN Rights ARE COMMITTED WITH "ACTS" OR ACTIONS OF DISCRIMINATION MISTREATment.

UNDER CUSTODY OF (C.C.A.) CORRECTIONS CORPORATION OF AMERICA, CORECIVIC A PRIVATE PRISON, CONTRACTED WITH THE STATE OF MONTANA DEPARTMENT

*(1.)

OF CORRECTIONS, MCA 2-15-2801 - DEPARTMENT, A, GOVERNMENT, OR A SYSTEM OF GOVERNING, ASFORE I AM A "INDIAN", NATIVE AMERICAN PERSON UNDER CUSTODY, EXERCISING MY Rights, UNDER M.C.A.[2-1-304] RIGHTS, PRIVILEGES, AND IMMUNITIES RESERVED TO INDIANS. NOTHING IN THIS PART SHALL:(4) DEPRIVE ANY INDIAN OF ANY Right, PRIVILEGE, ECT, ECT, THEREFORE "INDIVIDUAL Dignity" AND "DISCRIMINATION" ARE IN violation." ACTS" AND "ACTIONS", ARE DONE BY THE DEPARTMENT OF CORRECTIONS AND CONTRACTED FACILITIES,(START/NEXUS/FERGUS COUNTY SHERIFFS OFFICE/CORECIVIC, CORRECTIONS CORPORATION OF AMERICA, CROSSROADS CORRECTIONA (CENTER.) AND THE DEPARTMENT OF CORRECTIONS PROBATION AND PAROLE DIVISION,(PPD) LOCATE ON THE FLATHEAD NATION RESERVATION.

I HAVE ENCOUNTERED "MISREPRESENTATION" BY ALL EMPLOYEES, TO WHICH I AM USING "THE UNIVERSAL DECLARATION OF Human Rights", FOR MY INDIAN RIGHTS.

CRUELTY; BEHAVIOR THAT CAUSES PHYSICAL OR MENTAL HARM TO ANOTHER, WHETHER INTENTIONALLY OR NOT.

CUSTODY; THE PROTECTION CARE OR GUARDIANSHIP OF SOMEONE OR SOMETHING,

PREJUDICE; HARM OR INJURY THAT RESULTS OR MAY RESULT FROM SOMEONES ACTION OR Judgement,

PREJUDICIAL: HARMFUL to SOMEONE OR SOMETHING: DETRIMENTAL: THE BEHAVIOR IS PREJUDICIAL to good ORDER AND DISCIPLINE.

PRIVILEGE; (ALSO ABSOLUTE PRIVILEGE) THE Right to SAY OR WRITE SOMETHING WITHOUT RISK OF INCURRING PUNISHMENT OR legal ACTION FOR DEFAMATION.

INJURE; IN LAW-ACCORDING TO LAW- INJURE, TO VIOLATE THE LEGAL RIGHT OF ANOTHER OR INFLICT AN ACTIONABLE WRONG,

INJURY; ANY WRONG OR DAMAGE DONE TO ANOTHER, EITHER IN HIS PERSON, Rights REPUTATION OR PROPERTY, THE INVASION OF ANY LEGAL Protected INTEREST OF ANOTHER,

INFRINGEMENT: A VIOLATION OF A LAW,(M.C.A. 45-5-204(0); 2-1-304(4); 49-1-101; 49-1-102; 53-30-608) REGULATION, CONTRACT, OR RIGHT.

X(2.)

INFRACTION: AS OF LAW A CONTRACT, A RIGHT OR DUTY.

PRINCIPAL: A PERSON DIRECTLY RESPONSIBLE FOR A CRIME, BY COMMITTING, INSTIGATING, OR ASSISTING IN it.

MANDATE: AN OFFICIAL ORDER OR COMMISSION TO DO SOMETHING. (A MANDATE TO SEARCH FOR PRUNO IN PRIVATE FACILITY, CCA. CCC,) REQUIRE (SOMETHING) TO BE DONE, MAKE mandatory. CCA CCC. STATE THEIR IS A MANDATE TO "SEARCH"

SEARCHES AND SEIZURES, MONTANA CONSTITUTION, (11)

INDIVIDUAL DIGNITY, MONTANA CONSTITUTION, (4)

RIGHT TO KNOW, MONTANA CONSTITUTION, (9) (code of ethics FOR CCA, CCC)

INDIAN OFFENDER INMATE CLAIM CHALLENGING A PRIVATE PRISON FACILITY GROOMING "POLICY" WHERE INDIAN OFFENDER INMATE WHERE I WAS ALLEGED SUBJECT I WAS SUBJECTED TO A SERIES OF PUNISHMENTS FOR Compling WITH POLICY. AS INDIAN OFFENDER INMATE DISPLAY OR SHOW POLICY TO many OR MULTIPLE EMPLOYEES OF STATE AND PRIVATE FACILITY AND RECEIVE NO RESPONSE, OR A RESPONSE OF "THEY DO NOT HAVE TO FOLLOW THAT POLICY.." THEREFORE I HAVE TO DEFEND AND TAKE STAND FOR MY INDIAN INDIVIDUAL Rights AND INMATE OFFENDER Rights. (one's civil Liberties)

Rule: A REGULATION OR PRINCIPLE OF LAW.

DISENFRANCHISE: DEPRIVE (SOMEONE) OF A Right AND Privileges.

DISREGARD: TO TREAT AS UNWORTHY OF REGARD OR NOTICE, TO TAKE NO NOTICE OF, LEAVE OUT OF CONSIDERATION, TO IGNORE, TO OVERLOOK, TO FAIL TO OBSERVE.

DUE PROCESS: FAIR TREATMENT, IS GUARANTEED BY THE FIFTH AND FOURTEENTH Amendments TO THE U.S. CONSTITUTION.

DUE Diligence: Reasonable STEPS TAKEN BY A PERSON IN ORDER TO SATISFY A Legal Requirement; IN PERFORMING A Professional Duty.

DOCTRINE: A Rule OR standard of LAW, THE Body OF SUCH Rule.

x (3.)

CORRECTION CORPORATION OF AMERICA (C.C.A.) CORECIVIC CROSSROADS CORRECTIONAl Center, ADMINISTRATION ENTITY AGENCY FACILITY OF THE STATE OF MONTANA OF THE UNITED STATES OF AMERICA, LOCATION Address IS 50 CROSSROADS DRIVE SHELBY MONTANA 59474, 406-434-7055 CONTAINS OF WARDEN P. MCTIGHE, ASSISTANCE WARDEN D. POWELL, CHIEF OF SECURITY B. MADRID, CHIEF OF UNIT MANAGEMENT J. HENSON, Quality ASSUARANCE (Policy) C. SIMONS, UNIT MANAGER S. VINES, CASE MANAGER D. KNUST, CORRECTIONAl COUNSElOR M. GONZAlEZ, STATE CONTRACT MONITOR K. ALSTAD, MDOC, INVESTIGATOR T. LEONARD, FIRE AND SAFETY L. YORK, GRIEVANCE J. MAYERS, DISCIPLINARY HEARINGS OFFICER N. RIVAS, CAPTAINS HODGES, LEWIS, WIRBHING, JOHNSON, LIEUTENANT Johnson, SERGEANT PAVON, MARQUEE MARQUZE, BAMKE, CORRECTIONAl OFFICERS BAZALDAU, QUIZNER I.P.P.O, LAMERE, CLASSIFICATION C. WANDLER

CORPUS DELICTI; THE FACTS AND CIRCUMSTANCES CONSTITUTING A BREACH of Law, BREACH OF 53-30-608 M.C.A,, A CLEAR RECORD OF DELAY OR CONTUMACIOUS CONDUCT, UPON THEIR REFUSAL TO Comply WITH THE M.D.D.C. POLICIES OR Policies IS BASED UPON CONTUMACY RATHER THEN INABILITY,

STATUTORY AT LARGE AND STATUTORY VIOLATIONS, $[45-5-204]$ M.C.A(C).

LACK OF IMPARTIALITY IS COMMON WITH DISCRIMINATION, MISTREATMENT, HARASSMENT; ABUSE OF POWER, TO ABRIDGE $[2-1-304(4)]$ M.C.A, $[45-5-204(c.)]$ M.C.A, INDIAN INDIVIDUAl CIVIL LIBERTIES, CLAIM OF CIVIL WRONG UNDER STATUTORY M.C.A, $[2-1-304(4)]$ AND OF M.D.O.C. Policy 1.3.12.(C.) PROHIBITED CONDUCT (1.), AND ALSO UNDER CORECIVIC Policy 20.27.248 INMATE RIGHTS.

MONTANA CODES, ARE CODIFY IN MONTANA LAW BOOKS, OR CODE: A SYSTEMATIC COLLECTION OF LAW OR REGUlATIONS.

THE UNIVERSAl DECLARATION OF HUMAN RIGHTS. (DECLARATION) A STATEMENT ASSERTING OR PROTECTIONG A LEGAL RIGHT, AN AFFIRMATION MADE INSTEAD OF TAKING AN OATH,

ALL ACTION TAKEN BY INDIAN INDIVIDUAl WAS DEFEATED AS INDIAN INDIVIDUAl DEFENDED HIS INDIVIDUAL DIGNITY AND MONTANA CONSTITUTION, AND LIBERTIES, AS LIABLE BECAME RESPONSIBLE BY LAW ONCE INDIVIDUAl OFFENDER BECAME CUSTODY OF PRIVATE Facility, ASFORE THEIR ACTS OR ACTIONS DISPLAY "AMORALITY," NOT CONCERNED WITH INDIAN INDIVIDUAL CONCERNS OR ISSUES.

$\ast (4)$

I DARRIN WILLIAM MATT, INDIAN TRIBAL MEMBER OF THE CONFEDERATED
SALISH KOOTENAI, (Ksanka, Selis, Qlispe People) OF THE FLATHEAD NATION.
SEVERAL SEPARATION OF POWERS HAS INFRINGE ON MY INDIVIDUAL DIGNITY,
POLICY VIOLATIONS ARE COMMON, AS I ENCOUNTER DISHONEST AND PRIMA
FACIE CASE OF PROFESSIONAL MISCONDUCT. TO WHICH CORECIVIC PRE CCA,
PERSUADE ME TO FACILITY; CORECIVIC POLICIES ARE INCHOATE AS TO
ADMINISTRATION, OR CORPORATION POLICIES IS INFERIOR AS THEY CLAIM
A MANDATE, TO PRACTICE OR INDUCEMENT THROUGHOUT THE CHAIN OF
COMMAND, FOR MANY CORECIVIC REFER THERE ACTIONS ARE MADE FOR
FROM, HIGHER-UPS, ADMINISTRATION, THEIR BOSS, SUPERVISOR, ECT. ECT.
FAULT FALLS ON PERSONS OF THE FACILITY UNDER CONTRACT.
MANDATE EXECUTE CAME FROM FACILITY EMPLOYEES, STATING A COURSE
OF ACTION WAS GIVEN TO VIOLATE CIVIL HUMAN RIGHTS ON THE PREMISES
OF CORECIVIC, CCA FACILITY CENTER. PREJUDICE RESULTING FROM THE
FACILITY PROCEEDINGS, INFRACTION INDUCEMENTS ARE MET WITH
DECEIVING DECEITFUL DECEPTION. THEY USE IMPEDIMENT UPON MY
INDIAN RIGHTS BY TELLING ME I HAVE NO RIGHTS, TO WHICH FACILITY
IS UNDER CONTRACT WITH THE STATE OF MONTANA DEPARTMENT OF
CORRECTIONS, MCA 2-15-2301, BOUND BY CONTRACT TO FOLLOW THE
DEPARTMENT POLICIES. IMPERTINENT INAPPROPRIATE MISCONDUCT ACTS
OR ACTIONS (MISTREATMENT) COME WITHIN CONTRACTED FACILITY, NO MATTER
HOW I APPROACH FACILITY EMPLOYEES, STAFF, I AM MET WITH FALSE
PRESUMPTION (POLICY), UPON WHICH PRESUMPTIVE OF POLICY AND CODE OF
ETHICS. IMPROPER OR NEGLIGENT PROFESSIONAL TREATMENT OR ACTIVITY
BY CORECIVIC, CCC, TO INFLICT ABUSE OF POWER MISCONDUCT ASFORE
THEY CLAIM OF A MANDATE TO INFLICT THEIR MISTREATMENT
PRACTICES AND SEARCHES, CORPORATE MALFEASANCE, ACTED WITH
MALICE AND IN BAD FAITH, TO WHICH I REQUESTED TO SEE "MADATE"
AND NEVER SEEN OR RECEIVE TO SEE.
"A WRIT OF MANDAMUS" IS NEEDED FOR A INJUCTION ON MY INDIAN RIGHTS,
HUMAN RIGHTS, CIVIL RIGHTS..

I APPROACHED ISSUES WITH SAID FACILITY, ONLY TO HAVE ABUSE
OF POWER, HARASSMENT, MISTREATMENT, AND REPRISAL, I DISPLAY POLICY
NO. 1.3.12 STAFF ASSOCIATION CONDUCT WITH OFFENDERS, OR [2-1-304]MCA,
INMATE RIGHTS POLICY OR ANY POLICY WITHIN SAID FACILITY AND RECEIVE
SAME RESPONSE, OR ANSWER, THEY DO NOT HAVE TO FOLLOW POLICY.

*(5)

MISSION STATEMENT: DELTA WING; CHARLIE POD.

WE WILL PROVIDE A SAFE AND SECURE ENVIRONMENT FOR BOTH STAFF AND INMATE OUR TEAM WILL WORK TOGETHER TO ENSURE THAT OUR RESPONSIBILITIES ARE SHARED AND OUR TASK ARE COMPLETED PROFESSIONALLY AND EFFECTIVELY FOR OUR CUSTOMER...

THEREFORE THIS STATEMENT BELONGS TO CORECIVIC, CORRECTION CORPORATIONS OF AMERICA, CROSSROADS CORRECTIONAL CENTER, 50 CROSSROADS DRIVE, SHELBY MONTANA 59474 406-434-7055.

PER POLICY NO. 3.3.3, Page 3 OF 11, D.(6.) GRANTED "GRIEVANCE NO. 7-18-048, 7-18-046, 7-18-062, 7-18-049, 7-18-034, 8-18-027, 9-18-017, 9-18-014, 9-18-004, 9-18-069, 8-18-066, 9-18-G01, 8-18-G22, 9-18-017, 9-18-016, 9-18-061,"

Acknowledgement OF Documents WERE AND NOTARIZED AT CROSSROADS CORRECTIONAL CENTER.

I DARRIN WILLIAM MATT USE THE AUTHORITATIVE ACLU Guide TO INDIANS AND TRIBAL RIGHTS, TITLE: THE RIGHTS OF INDIANS AND TRIBES, ALSO THE MDOC POLICY NO. 1.3.12, AS GUIDENCE.

THEREFORE I STAND BY EVERY HAND WRITTEN Documentation I HAVE WRITTEN TO BE HONEST AND TRUTHFUL, VALUE OF INDIVIDUAL Dignity, FOR I HAVE NO ADEQUATE REPRESENTATION.

I, DARRIN WILLIAM MATT, INDIAN INMATE OFFENDER HAND WRITTEN THIS DECLARATION, THE UNIVERSAL DECLARATION OF HUMAN RIGHTS. AFFIRMATION UNDER OATH ON SAID DATE: 9-9-2018

STATE OF MONTANA

COUNTY OF: TOOLE

SIGNATURE OF INDIAN INDIVIDUAL: Darrin William Matt

AFFIRMATION OF Documentation WAS DONE ON SAID DATE: 9.9.18 By, Michelle Gonzalez, NOTARY PUBLIC FOR THE STATE OF MONTANA,

SIGNATURE OF NOTARY: Michelle

MICHELLE GONZALEZ
NOTARY PUBLIC for the
State of Montana
Residing at Cut Bank, Montana
My Commission Expires
September 12, 2021

SEAL

*(6)

DEPOSITION

CORE CIVIC
CROSSROADS CORRECTION CENTER
50 CROSSROADS DRIVE
SHELBY MONTANA 59474

LOCATION: D-WING/DELTA WING: UNIT · MANAGEMENT · TEAM –(WALL)

## MISSION STATEMENT

WE · WILL · PROVIDE · A · SAFE · AND · SECURE · ENVIRONMENT · FOR · BOTH · STAFF · AND · INMATES · OUR · TEAM · WILL · WORK · TOGETHER · TO · ENSURE · THAT · OUR · RESPONSIBILITIES · ARE · SHARED · AND · OUR · TASK · ARE · Completed · PROFESSIONALLY · AND · EFFECTIVELY · FOR · OUR · CUSTOMER . . .

I, DARRIN WILLIAM MATT, A NATIVE AMERICAN INDIAN, TRIBAl MEMBER OF A FEDERAL RECOGNIZE TRIBE; THE CONFEDERATE SALISH KOOTENAI TRIBES OF THE FLATHEAD NATION.

THEREFORE UPON WHICH, INDIVIDUAl HAND WRITTEN THIS TESTIMONY DEPOSITION, UPON WHICH I DO NOT CLAIM MISSION STATEMENT, but Could NOT GET it to Be Put ON THE OWNERS LETTER HEADING PAPER, UPON WHICH many REQUEST WAS Denied ON THE SPOT, TO WHICH MISSION STATEMENT Belongs to CORPORATION, OF CORE CIVIC.

county; TOOLE

STATE OF MONTANA

TESTIMONY WRITTEN BY: _Darrin Matt_  8-16-18
                        Signers Signature    Date

NOTORA

NOTARY: Daniel Knust        I witnessed Darrin Matt sign this
                            document on the 16th of August
DATE: August 16, 2018       2018.
                            _Daniel Knust_  8/16/18
                            Notary Signature

EXHIBIT



DANIEL KNUST
NOTARY PUBLIC for the
State of Montana
Residing at Chester, Montana
My Commission Expires
September 21, 2021

DANIEL KNUST
NOTARY
SEAL
STATE OF MONTANA

AFFIDAVIT

I DARRIN WILLIAM MATT, NATIVE AMERICAN INDIAN ADULT INMATE OFFENDER, INDIVIDUAL HAND WRITTEN THIS "DESPOSITION" WITHIN THE "FACILITY" OF (CORRECTIONS CORPORATION OF AMERICA) CORECIVIC (BRANCH OF CCA) CROSSROADS CORRECTIONAL CENTER 50 CROSSROADS DRIVE SHELBY MONTANA 59474. (DELTA WING ; CHARLIE POD.)

OFFENDER 46290, DARRIN WILLIAM MATT ARRIVED TO SAID FACILITY ON JUNE 5, 2018, AROUND 1500 (3:00PM) TO THE M.C.A. [53-30-608] (MT CODE) (PRIVATE FACILITY) THAT CONTRACTS WITH THE STATE OF MONTANA; (M.D.O.C.) THERFORE CONSIDERED "APPLICABILITY," UNDER POLICY NO. DOC 1.3.12; STAFF ASSOCIATION AND CONDUCT WITH OFFENDERS, "STATE OF MONTANA DEPARTMENT OF CORRECTIONS POLICY DIRECTIVE "...UPON I WILL REFER AS (DOC 1.3.12), UPON WHICH I BELEIVE IS VIOLATION UPON ME AS A OFFENDER UNDER CUSTODY INCARCERATION, IMPRISONMENT AT SAID FACILITY. (CORECIVIC) ALONG WITH 20.27.248 INMATE RIGHTS, AND MONTANA CONSTITUTION; INDIVIDUAL DIGNITY, RIGHT TO KNOW, SEARCHES AND SEIZURES, ASWELLAS BASIC HUMAN RIGHTS M.C.A [49-1-101] AND M.C.A [49-1-102]. THEREFORE UPONWHICH I AM A "INDIAN" OF THE STATE OF MONTANA, "INDIAN COUNTRY" FACILITY DISREGARDED M.C.A [2-1-304] OF SAID INDIAN INDIVIDUAL OF A FEDERAL RECOGNIZE TRIBE OF THE STATE OF MONTANA OF THE UNITED STATES OF AMERICA.

CONSIDERING THAT I HAVE BE IN SAID FACILITY, FOR A TOTAL OF 74 DAYS OF TODAY'S DATE OF "AUGUST 18, 2018" AND PUT ON "LOCKDOWN" (BODILY RESTRAINT) ON THREE OR MORE TIMES SINCE ARRIVING TO SAID FACILITY. BODILY RESTRAINTS LASTED FOR <3 OR MORE DAYS, EXCEPT FOR THE LAST ONE ON "AUGUST 17, 2018" THEN I WAS SEARCHED A TOTAL OF FOUR TIMES, WHICH DEMONSTRATED "HARASSMENT" "ABUSE OF POWER", "MISTREATMENT", "DISCRIMINATION," TO WHICH ON 8-15-18 10:00 AM I WAS GIVEN A "PAT SEARCH", THEN AT 12:15 PM WAS GIVEN A SE CELL SEARCH", THEN ON 8-16-18 1:34 PM I WAS GIVEN ANOTHER "CELL SEARCH." FIRST CELL SEHCH SEARCH WAS ON 7-21-18, 12:30 PM, NOW CONSIDERING THAT I WAS SEARCHED I REQUESTED "ATTACHMENT D" RECEIPT, (MSP 3.4.1.) AND RECEIVE ONE INFRACTION FOR THE REQUEST OF A RECEIPT, AND DENIED ON THE SPOT FOR OTHER TIMES. AS FORE MANY STATE "THEY DO NOT HAVE TO FOLLOW POLICY "BECAUSE THEY ARE A "PRIVATE FACILITY, OR THERE,- (THEIR) POLICIES OUT RANK, OR ARE "INFERIOR" OVER M.D.O.C. POLICIES.

NOW STAFF MISCONDUCT, "MISTREATMENT", "DISCRIMINATION," (ACTS OR ACTIONS). OCCURRED UNDER FACILITY CUSTODY (CORECIVIC) (CCA) IMPRISONMENT, INCARCERATION PRISON LOCATED IN SHELBY, TOOLE COUNTY, STATE OF MONTANA. WHEREAS I ALSO REQUESTED CLARITY OF M.C.A [53-30-608(3)(b)] TO WHICH MANY STAFF (DO READ IT,) TO WHICH SOME GIVE NO CLARICATION, NO RESPONSE, AND WALK AWAY OR START COMMUNICATION WITH OTHER OFFENDERS TO AVOID MY CONCERN. MANY DISPLAY DECEITFUL DECEIVING DISHONESTY WITH VAGUE TRUTH. (MIMIC)

1. ⟨X⟩

OF M.D.O.C. POLICIES, BUT DO NOT HAVE TO FOLLOW, DUE TO FACILITY IS HELD TO A HIGHER STANDARD THEN ANY OTHER FACILITY. I TAKE OR PERCEIVE, OR ACKNOWLEDGE THAT I AM AFFECTED (DOC 13.12) BY THE DISCREET "STAFF MISCONDUCT MISTREATMENT" THAT, ARE VIOLATION OF D.O.C. 1.3.12 AND MY INDIAN HUMAN Rights, "BUT SEE," POLICY NO. 3.3.3. FILED BY OFFENDER MATT 46290 SINCE ARRIVING TO THE "PRIVATE PRISON" FACILITY (CORECIVIC) (C.C.A.) AS ETHICAL BEHAVIOR, CODE OF ETHICS, IS DISREGARDED BY STAFF EMPLOYEE'S I HAVE ENCOUNTERER WITH. TO WHICH MY COMMUNICATION IS CUT OFF, OR DIRECTED TO, SOMEONE ELSE, OR TO ADMINISTRATION PERSONELL OR OTHERS THAT I CAN'T SPEAK TO. WHERE AS I GO IN CIRCLES, OR NO WHERE WITHIN THE CHAIN OF COMMAND, AS I WORK FROM THE BOTTOM, CORRECTIONAL OFFICERS, SERGEANT'S, LIEUTENANT, CAPTAIN, CHIEF, ASSISTANT WARDEN, AS WELL AS TO THE UNIT MANAGEMENT TEAM, CHIEF UNIT MANAGEMENT, UPON WHICH I USE THE PARAMETERS, OF M.D.O.C. POLICIES TO PROCEED WITH MY CLAIMS, BUT STOPPED WITH THOSE POLICIES HAVE NO MERIT WITHIN THE PRIVATE FACILITY. "PROFESSIONAL RELATIONSHIP (DOC 1.3.12) - DEVELOPMENT HAS BEEN DISREGARDED BY MANY STAFF OR EMPLOYEE'S, AS I HAVE TO REPEATLY CHASE (PERSONELL EMPLOYEE'S,) STAFF DOWN TO COMMUNICATE WITH, AS THE D-WING - UNIT MANAGEMENT TEAM ; MS. VINES - UNIT MANAGER; CASE MANAGER: MR. KNUST, CORRECTIONAL COUNSELOR MS. GONZALEAS DISPLAY A HAND MADE SIGN ON DOOR OR WINDOW, STATED, " TRAINING TILL 11:30ᵗʰ TRAINING TILL 1:30 pm", AND LOCK THEMSELVES IN SAID OFFICE, THEN UPON "LOCK DOWN "COUNT" THEY LEAVE TO THE FRONT OFFICES TO WHERE NO OFFENDERS CAN BOTHER THEM. NOW THEREFORE I, DARRIN WILLIAM MATT, OFFENDER, INDIAN, INMATE, OF THE CORECIVIC FACILITY HAS COMMUNICATED WITH STAFF, EMPLOYEE'S WITH IN THE FACILITY, SUCH AS (PERSONS) CHIEF - HENSON, MADRID, UNIT MANAGER - VINES, CASE MANAGER - KNUST, CORRECTION COUNSELOR - GONZALEAS, SERGEANT - PAVON, MARQUIZ, BAMKE, LIEUTENANT - JOHNSON (JJ), CAPTAIN - HODGES, LIEUTENANT - ROEHRIG, GRIEVANCE OFFICER - MEYERS, I.P.P.O - LAMERE, ASSISTANT WARDEN - POWELL, WHO HAVE VIOLATED OFFENDERS "RIGHTS" BY NEGLIGENT IN THE PERFORMANCE OF THEIR DUTIES. AS THEY DISPLAY DELBERATE CONCEALMENT OF STAFF MISCONDUCT, AS TO "<u>MOOT</u>(N) ON M.D.O.C. POLICIES AND PROCEDURES WITH OFFENDER MATT. THEREFORE MISREPRESENTATION BY MY CUSTODY (CAREGIVERS) IS A DISPLAY OF MENTAL CRUELTY, AS A BREACH OF "MERGER CLAUSE (N) OF THE "MERITS" OF NATIVE AMERICA <u>INDEAN</u> OFFENDER INDIVIDUAL, DARRIN WILLIAM MATT ADULT OFFENDER NUMBER 46290, TRIBAL ENROLLMENT NUMBER 203-U0-10045, CITIZEN OF "INDIAN COUNTRY," STATE OF MONTANA OF THE UNITED STATES OF AMERICA. ABRIDGE CONDUCT ON MY BASIC HUMAN RIGHTS, AND CONSTITUTION. I TAKE "ACTION" AGAINST ALL VIOLATION COMMITTED AGAINST ME AS A INDIAN INDIVIDUAL.

DEPOSITION WAS WRITTEN BY DARRIN WILLIAM MATT, MY DEPOSITION IS INTENDED FOR THE VIOLATION OF INDIAN CIVIL HUMAN RIGHTS GIVEN TO ME BY THE UNITED STATES OF AMERICA AND THE STATE OF MONTANA CONSTITUTION.

2.

NATIVE AMERICA INDIAN INDIVIDUAL, DARRIN WILLIAM NIATT, #46290 APPROACHED AND CAME IN CONTACT WITH CORECIVIC, CCA, STAFF EMPLOYEE'S; Ms. POWELL, MR. Henson MS. VINES, MR. KNUST, MR. May huge, MS Gonzaleas, MR. PAVON, MARGUEZ, MR. BAMKE, MR. Johnson (JJ) MR. BAZALDAU, MR. QUIZNER, MR. MAYERS, MR. Hodges, MR. Madrig, Roehrig, AND A Few CAPTAINS, Names unknown, Regarding issues pertaining to ones ISSUES, SELF, AND MY INMATE RIGHTS 20, 27, 248, Policy violation of 1.3.12, MISTREATMENT, DISCRIMINATION, AND VIOLATION OF CONSTITUTION Rights.

THEREFORE PER-POLICY 3.3.3, "(GRANTED)" OF GRIEVANCE PROGRAM PROCEDURE IS COMPLETION OF ANY Administrative Remedies, AND I AM PERMITTED TO LEGAL COURT ACTION OF TORT Remedy, Litigation, injuction Remedy, "GRANTED" GRIEVANCE NO. (7-18-048), (7-18-040) (7-18-062), (7-18-049), (7-18-034), (7-18-032),

AFFIRM AFFIDAVIT WAS DONE ON THE 21st OF AUGUST, 2018, AT _10:40 AM_ (Time)

_Darri William Matt 8-21-18_ WRITTEN DEPOSITION AFFIDAVIT TESTIMONY,
SIGNERS SIGNATURE        DATE
I DARRIN WILLIAM MATT, CSKT, TRIBAL INDIAN, HAND WRITTEN THIS LEGAL DOCUMENTATION, AND SWEAR IT TO BE TRUTHFULL.

COUNTY: TOOLE
STATE OF MONTANA
NOTARY _Daniel Knust_
ON THE _21st_ OF AUGUST 2018 I WITNESSED DARRIN WILLIAM MATT, SIGN THIS DESP DEPOSTION AFFIDAVIT TESTIMONY, AND ACKNOWLEDGE THE DOCUMENTATION.

_Daniel Knust_        _8/21/18_
NOTARY SIGNATURE        DATE:



DANIEL KNUST
NOTARY PUBLIC for the
State of Montana
Residing at Chester, Montana
My Commission Expires
September 21, 2021
SEAL

3.

## 46-23-1004  Duties of department.

The department is responsible for any investigation and supervision requested by the board or the courts for felony offenders. The department shall:

(1) divide the state into districts and assign probation and parole officers to serve in these districts and courts;

(2) obtain any necessary office quarters for the staff in each district;

(3) assign the secretarial, bookkeeping, and accounting work to the clerical employees, including receipt and disbursement of money;

(4) direct the work of the probation and parole officers and other employees;

(5) formulate methods of investigation, supervision, recordkeeping, and reports;

(6) conduct training courses for the staff, including initial training on risk assessment and evidence-based practices for new probation and parole officers and regular training for all probation and parole officers. Performance reviews of probation and parole officers must incorporate the requirements for training on risk assessment and other evidence-based practices.

(7) cooperate with all agencies, public and private, that are concerned with the treatment or welfare of persons on probation or parole;

(8) administer the Interstate Compact for Adult Offender Supervision; and

(9) notify the employer of a probationer or parolee if the probationer or parolee has been convicted of an offense involving theft from an employer.

**HISTORY:**
En. Sec. 8, Ch. 153, L. 1955; Sec. 94-9828, R.C.M. 1947; redes. 95-3210 by Sec. 29, Ch. 513, L. 1973; amd. Sec. 85, Ch. 120, L. 1974: Sec. 95-3210, R.C.M. 1947; amd. and redes. 95-3303 by Sec. 9, Ch. 333, L. 1975; R.C.M. 1947, 95-3303; amd. Sec. 1, Ch. 499, L. 1995; amd. Sec. 3, Ch. 493, L. 2001; amd. Sec. 93, Ch. 114, L. 2003; amd. Sec. 3, Ch. 199, L. 2017.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



**STATE OF MONTANA
DEPARTMENT OF CORRECTIONS
POLICY DIRECTIVE**

| Policy No. DOC 1.3.12 | Subject: **STAFF ASSOCIATION AND CONDUCT WITH OFFENDERS** | |
|---|---|---|
| Chapter 1: ADMINISTRATION AND MANAGEMENT | | Page 1 of 4 and Attachment |
| Section 3: Human Resource Bureau | | Effective Date: June 1, 1998 |
| Signature:  /s/  Mike Ferriter, Director | | Revised: 03/26/12 |

## I.  POLICY

The Department of Corrections requires employees to limit their association with offenders, offender's immediate family members, and close associates of offenders to a professional relationship and maintains zero tolerance for misconduct by its employees toward or with any individual in the custody or under the supervision of the Department.

## II.  APPLICABILITY

All divisions, facilities, and programs Department-owned and contracted, as specified in contract.

## III.  DEFINITIONS

Administrator – The official, regardless of local title (division or facility administrator, bureau chief, warden, superintendent), ultimately responsible for the division, facility, or program operation and management.

Close Associate – Persons, other than immediate family members, who may be considered friends or business partners through known associations.

Department Employee – Means a person employed by the Department of Corrections; this term does not include service providers.

Facility/Program – Refers to any division, prison, secure care correctional facility, correctional or training program, or community-based program under Department jurisdiction or contract. This term includes the facility building or residence, including property and land owned or leased and operated by the Department.

Immediate Family Member – A legal spouse, natural or adoptive parents and children, siblings, grandchildren, grandparents, corresponding in-law, person verified as being primarily responsible for raising the offender in the absence of a parent and any other member of the offender's household.

Mistreatment – Actions that violate the human rights of offenders including unwarranted physical acts and acts that adversely affect offender mental or emotional well-being including abusive treatment such as threats, harassment, cursing, and shouting.

Offender – Any individual in the custody or under the supervision of the Department of Corrections or its contracted service providers. The term includes former offenders for whom less than one year has elapsed since discharge from Department custody or supervision.

Professional Relationship – A staff relationship with offenders maintained through well-defined professional boundaries and the highest ethical standards of honesty, integrity, and impartiality pursuant to the *Department of Corrections Code of Ethics*.

| Policy No. DOC 1.3.12 | Chapter 1: Administration and Management | Page 2 of 4 |
|---|---|---|
| **Subject: Staff Association and Conduct with Offenders** | | |

Service Providers - This term includes contracted persons, volunteers, interns, temporary employees, or other vendors providing service whose assignment is primarily on Department premises, e.g. facility or program office.

Sexual Misconduct – Behavior or misconduct as defined in *DOC Policy 1.3.14, Prison Rape Elimination Act (PREA)*.

## IV.   DEPARTMENT DIRECTIVES

### A.   General Requirements

1. The administrator, or designee, is responsible for ensuring the following:
   a. Department employees and service providers review and comply with the provisions of this policy;
   b. offenders under the custody or supervision of the administrator's respective division, facility, or program review and understand the provisions of this policy;
   c. statistics are collected on the number of reported and substantiated incidents and submit the statistical information annually, in writing, to the Human Resource Bureau (HR Bureau); and
   d. operational procedures are established and maintain that provide effective policy communication and guidance for the following:
      1) confidential reporting procedures regarding alleged staff misconduct toward offenders and availability of these procedures to Department employees, service providers, offenders, visitors, offender's immediate families, and offenders close associates;
      2) ensure offenders have the opportunity to promptly file a complaint verbally or in writing using the facility's formal grievance process, if applicable;
      3) investigation and response to misconduct allegations as a high priority and as provided in law and Department policies including *DOC Policy 3.1.19, Investigations* and *DOC Policy 1.3.14, Prison Rape Elimination Act (PREA)*; and
      4) the requirement that Department employees process grievances regarding staff misconduct toward offenders as a high priority.

2. After consultation with the HR Bureau, Legal Services Bureau, and Department director, an administrator may approve limited exceptions to this policy on a case-by-case basis to allow limited contacts between employees, offenders, offender's immediate family members, and close associates of offenders. Administrators must include documentation of the circumstances supporting the exception and a written plan outlining the permissible contact.

3. Department employees and service providers who violate this policy are subject to disciplinary action, up to and including termination of their employment.

4. Department employees entrusted with confidential records will adhere to requirements outlined in *DOC Policy 1.5.5, Case Records Management* and report breaches of confidentiality appropriately.

5. Department employees and service providers will not retaliate against the complainant, the victim, the accused, the witnesses, or the informants involved in the filing and investigation of misconduct allegation.

### B.   Required Conduct

| Policy No. DOC 1.3.12 | Chapter 1: Administration and Management | Page 3 of 4 |
| --- | --- | --- |
| Subject: **Staff Association and Conduct with Offenders** | | |

1. Department employees and service providers must exhibit the following conduct:
   a. maintain a professional relationship with offenders at all times;
   b. provide offender services without regard to race, color, age, gender, physical or mental disability, marital status, creed, sex, political beliefs, genetic information, veteran's status, culture, social origin or condition or ancestry, national origin, religious preference, or sexual orientation, and will not display favoritism toward, or discrimination against, any offender or group of offenders;
   c. limit relationships with offenders, offender's immediate family members and close associates to officially authorized activities; and
   d. avoid conflicts of interest or situations, such as engaging in personal or business relationships, that may compromise professional integrity, compromise security, or cause embarrassment to the Department of Corrections and the State of Montana.

### C.  Prohibited Conduct

1. Employees who assault, injure, intimidate, threaten, endanger, or withhold reasonable necessities from an offender, or violate any civil right of an offender are subject to felony and misdemeanor criminal penalty as well as disciplinary action, up to and including termination from employment pursuant to *45-5-204, MCA*.

2. Department employees and service providers who commit staff sexual misconduct are subject to felony and misdemeanor criminal penalties as well as disciplinary action up to and including termination from employment as outlined in *45-5-502, MCA* and *45-5-503, MCA*.

3. Department employees and service providers will not engage in inappropriate behaviors with offenders, offender's immediate family members, or close associates; inappropriate behavior includes, but is not limited to, the following:
   a. using profane, indecent, or discriminatory language or references;
   b. giving or receiving gifts, favors, or services that exceed Department requirements;
   c. engaging in any type of business or fiduciary relationship including trading, selling, or buying from an offender excluding purchases in accordance with *DOC Policy 5.5.4, Hobby Programs for Adult Facilities;* and
   d. interaction that is unnecessary, not a part of the employee's duties, and related to a personal relationship or purpose rather than a legitimate correctional purpose including, but not limited to:
      1) engaging in horseplay;
      2) socializing;
      3) sharing personal information, e.g., family member names, ages, schools, etc.;
      4) contacting offender's immediate family members for matters unrelated to the employee's official duties;
      5) exchanging written correspondence; or
      6) developing a relationship with an offender that is anything other than a professional relationship.

### D.  Department Employee and Service Provider Reporting Requirements

1. Department employees but must immediately disclose any of the following events to a supervisor and the supervisor must forward notifications to, and consult with, the HR Bureau prior to instructing the employee on the appropriate course of action:
   a. intentional or repeated attempts to contact the employee by an offender, an offender's

| Policy No. DOC 1.3.12 | Chapter 1: Administration and Management | Page 4 of 4 |
| --- | --- | --- |
| Subject: **Staff Association and Conduct with Offenders** | | |

immediate family members or close associates;

b. the employee engaged in prohibited conduct described in section IV.C. above; or

c. an employee's family member or a close associate has been committed to the custody or supervision of the Department and/or is assigned to the facility/program in which the employee is employed.

2. Department employees and service providers who receive information regarding, or have personal knowledge of, staff misconduct toward offenders including mistreatment, sexual misconduct, or any other prohibited conduct must complete the Misconduct Mandatory Reporting form and immediately forward copies to the division administrator and Human Resource Bureau.

3. Department staff, contract employees, and volunteers who know or have reasonable cause to suspect that a youth offender has been abused or neglected must immediately report the matter to the administrator, or designee, and to the Department of Public Health and Human Services as required by *41-3-201, MCA*.

### E. Offender and Public Reporting Requirements

1. Offenders or members of the public who have knowledge of alleged mistreatment or sexual misconduct by a staff member toward an offender should immediately report according to the following:

a. offenders or members of the public may report to the division administrator, HR Bureau or Department director's office; and

b. offenders may utilize the "locked box" formal grievance procedure in accordance with *DOC Policy 3.3.3, Offender Grievance Program* to report allegations and are not required to complete the informal resolution step for sexual misconduct grievances.

2. Offenders or other parties who intentionally submit false reports of violations of this policy may be subject to disciplinary action.

## V. CLOSING

Provisions of this policy not required by statute will be followed unless they conflict with negotiated labor contracts which will take precedence to the extent applicable.

Questions concerning this policy should be directed to the Department's Human Resource Bureau.

## VI. REFERENCES

A. *45-5-204, MCA; 45-5-501,MCA; 45-5-502, MCA; 45-5-503, MCA; 45-7-203, MCA; 45-7-307, MCA*

B. *4-4069, 4-4281; ACA Standards for Adult Correctional Institutions, 4th Edition*

C. *3-JTS-1C-23, 3-JTS-3D-06; ACA Standards for Juvenile Correctional Facilities, 2003*

D. *4-4084, 4-4084-1, 4-4281-6,7; 2008 ACA Standards Supplement*

E. *1.3.14, Prison Rape Elimination Act (PREA); 1.5.5, Case Records Management;* 3.1.19, Investigations; *5.5.4, Hobby Programs for Adult Facilities; Department of Corrections Code of Ethics*

## VII. ATTACHMENT

Misconduct Mandatory Reporting - PDF



**State of Montana**
**DEPARTMENT OF CORRECTIONS**
**CODE OF ETHICS**

In compliance with Montana Department of Corrections policy directive:

1.  I shall perform my duties with high standards of honesty, integrity, and impartiality, free from personal considerations, favoritism, and partisan demands. I shall be courteous, considerate, and prompt when serving the public.

2.  I shall maintain respect and professional cooperation in my relationships with other Department staff members. I will not sexually harass or condone sexual harassment of any person. I shall treat others with dignity, respect, and compassion.

3.  I shall report job-related illegal or unethical behavior to the appropriate authority.

4.  I shall provide offenders with humane custody and care, void of retribution, harassment, abuse or mistreatment. I shall maintain confidentiality of information that has been entrusted to me and designated as such. I will not incur any personal obligation that could lead any person to expect official favors.

5.  I will not discriminate against any offender, employee, or member of the public on the basis of age, race, gender, religion, disability, creed, political belief, marital status, national origin or sexual preference.

6.  I shall conduct myself in a manner that will not demean offenders, fellow employees or others.

7.  I shall uphold the tenets of the United States Constitution, its amendments, the Montana Constitution, federal and state laws, rules and regulations, and policies of the Department.

8.  Whether on or off duty, in uniform or not, I shall conduct myself in a manner that will not bring discredit or embarrassment to the Department of Corrections and the State of Montana.

9.  I will not use my official position for personal gain.

10. I shall maintain acceptable standards of personal hygiene, grooming, and neatness while on duty or otherwise representing the Department.

**Signature**_____     **Date**_____

**Please print name:**  _____

**Return signed form to the Department of Corrections Office of Human Resources, 5 South Last Chance Gulch, P.O. Box 201301, Helena, Montana 59620-1301, for placement in your permanent personnel record.**



Formal Complaint
PROBATION and PAROLE BUREAU OFFICE.
LAKE County, Polson MONTANA,

12:00 pm,
MARCH 19, 2018
Montana STATE PRISON
M.O.I.U. A-4-21
GRIEVENCE 3.9.3.

In Re LAKECOUNTY Probation and Parole BUREAU OFFICE.
"Disregard" - TO TREAT AS unworthy of REGARD OR NOTICE, TO TAKE
NO NOTICE of, TO LEAVE out of consideration, to ignore, TO OVERLOOK,
TO FAIL TO OBSERVE.. "I request or asked For Jail placement twice.
(Probation Officer Kim) 49-HO2 Freedom Right of protection from personal
injury. 49-1-102 FREEDOM FROM Discrimination." I requested or asked to placed
in Jail or Detention Center for my own safety. "Not once but twice!" "Individual
Dignity." REHABILITATION, L.A.C - LICENSED Addiction Counselor LAKE
County chemical dependency office, RECOMMENDED Rehabilitation
TREATMENT Centers of Montana, all denied by Probation Officer KIM.
SHE STATES "D.O.C. wont approve or pay for it." (Discrimination AND
Violation of Policy A.D.A. PROVISION AND 1.3.12(B)(1)(a)(b).D.O.C.)
Probation Officer LAURIE brought in to discussion, for second Opinion.
L.A.C. takes comments said by Laurie, unknown, but L.A.C. STATES that
he came in here ask for help with his Addiction disease." His addiction disease
is not a laughing matter." P.O. Laurie replies, "We've known him a long time
he know I'm joking." P.O. Kim, states "he know we're kidding" Professional
Relationship Bounderies been crossed or violated. D.O.C.1.3.12. mistreatment,
49-1-102 Right of Protection from Personal Injury (insult) staff misconduct. By
WHICH L.A.C. Repeats ALL REHABILITATION TREATMENT options. P.O. Laurie
Denies all requested Recommendations also. P.O. states "she don't
think D.O.C. will APPROVE OR PAY for the treatment." (Discrimination
AND Policy violations (# 2.) A.D.A.3.3.15, 1.3.12 (B)(i)(a)(b) D.O.C.) By
WHICH this is CONSIDERED unfair treatment upon Indian offender.
(INFRINGMENT)(injuries of Rights)(WANTON/willful)(GROSS negligence)(misconduct)(injury)
Understanding of agreement therefore all personnel within all applicabilities. Acknowledgment
of standard conduct of the professional Relationship Code of ethics - WELL - Defined -
THE Highest ETHICAL standards of honesty, integrity AND Impartiality pursuant
to the state of montana Department of Corrections Code of ethics,
Directing attention to concerns of L.A.C, personal concern for Well-being
welfare of Indian Offender, "What if he pisses hot everytime, what if he hurts
himself or someone else, what if he doesn't come back?? "Considering that,"

10425

Duties of the department [46-23-1004] (M.C.A.) (6) Conduct training. (7) Cooperate with all agencies, public and Private, THAT ARE concerned WITH THE TREATMENT OR welfare of Persons on Probation and Parole. (A.n. 46290) By WHICH P.O. LAURIE states "As Long as he don't get arrested on my time or catch a charge, he'll be fine, "Alright", "OK", once again Violation to protect Indian Individual, from self harm of addiction disease usage, upon WHICH Indian Individual's safety was disregarded, also public safety. (WANTON Misconduct) (EQUAL Protection Clause) (#3) Violation.)

INJURE - in law - according to law - Injure, to violate the legal right of another or inflict An actionable wrong. Injury - ANY wrong or damage done to another, either in his person, Rights, Reputation, or property. The invasion of any legal protected interest of another. Infringement - a violation of a law, Regulation, Contract, or Right. Infraction - AS of LAW, A contract, a Right or Duty. (Information AND Belief of Indian Offender) (Rehabilitation - Dignity.)

Administrator - The official, regardless of local title. (division, or facility administrator, Bureau Chief, WARDEN, superintendent) ultimately Responsible for the division, facility or Program Operation and management. (P.P. Lake county Bureau states ALL Approval must come from M.D.O.C.) (Department 2-15-2301) (Responsibility of denial) Indian Civil Rights §1983 (42 U.S.C.A.) are disregarded, For Breach of duty, improper conduct, or misconduct of Department Personnels, of law or policy under discretionary Powers of AUTHORITY, WHEREAS this is consider unfair treatment or Discrimination upon Indian Individual or Deprivation of facility use for protection of personal injury. 2-1-304 M.C.A. - Rights, privileges, AND immunities reserved to Indians. Nothing in this pact shall: (4) Deprive ANY Indian of any Rights privilege, or immunity afforded under Federal treaty, agreement, statute, - EXECUTIVE Order. - CONCLUDED OF Formal Complaint.

STATE OF MONTANA COUNTY: Powell

*Alar Pruett*

SIGNATURE OF Indian OFFENDER 46290

MICHELE L. STEYH
NOTARY PUBLIC for the
State of Montana
Residing at Deer Lodge, Montana
My Commission Expires
November 02, 2021
SEAL

NOTARY'S SIGNATURE *Michele L. Steyh*

DATE: 3/20 2018

Confirm Dates - STEYH BLANTLY LIED.

*ECTION IX: GUIDING PRINCIPLES & CODE OF ETHICS*

## MONTANA STATE PRISON GUIDING PRINCIPLES

1. **SEAMLESS SECURITY** - We believe security is the #1 priority at all times. Security is the responsibility of everyone.
2. **MUTUAL RESPECT** - Our behavior and interactions are based on dignity, integrity, honesty, decency and respect that encourages staff, inmates and the public to respond in the same way resulting in a safe environment of mutual respect.
3. **UNIVERSAL ACCOUNTABILITY** - We hold ourselves and others accountable for our/their actions and outcomes.
4. **ETHICAL BEHAVIOR** - We conduct daily activities based on integrity, honesty and openness.
5. **RESPONSIBLE COMMUNICATION** - We create an environment of inclusion and cooperation by using complete, accurate and nonbiased communication with respect for the chain of command.
6. **DEDICATED TEAMWORK** - We solve problems and conflict at the lowest level through ownership, respect, follow up and inclusion of affected parties.
7. **EFFECTIVE INMATE PROGRAMMING** - We create an environment, which fosters positive change and enhances inmate accountability.
8. **PROFESSIONAL DEVELOPMENT** - We create an environment, which fosters professional growth and enhances accountability of employees.
9. **PRIDE IN APPEARANCE** - We foster and maintain personal pride in appearance and a clean sanitary and orderly operation.

## MONTANA DEPARTMENT OF CORRECTIONS CODE OF ETHICS

In compliance with Montana Department of Corrections policies and MSP operational procedures:

1. I shall perform my duties with high standards of honesty, integrity, and impartiality, free from personal considerations, favoritism and partisan demands. I shall be courteous, considerate and prompt when serving the public.
2. I shall maintain respect and professional cooperation in my relationships with other Department staff members. I will not sexually harass or condone sexual harassment of any person. I shall treat others with dignity, respect and compassion.
3. I shall report job-related illegal or unethical behavior to the appropriate authority.
4. I shall provide offenders with humane custody and care, void of retribution, harassment, abuse or mistreatment. I shall maintain confidentiality of information that has been entrusted to me and designated as such. I shall not incur any personal obligation that could lead any person to expect official favors.
5. I will not discriminate against any offender, employee or member of the public on the basis of age, race, gender, religion, disability, creed, political belief, marital status, national origin, or sexual preference.
6. I shall conduct myself in a manner that will not demean offenders, fellow employees or others.
7. I shall uphold the tenets of the United States Constitution, its amendments, the Montana Constitution, Federal and State laws, rules and regulations, and policies of the Department.
8. Whether on or off duty, in uniform or not, I shall conduct myself in a manner that will not bring discredit or embarrassment to the Department of Corrections and the State of Montana.
9. I shall not use my official position for personal gain.
10. I shall maintain acceptable standards of personal hygiene, grooming, and neatness while on duty or otherwise representing the Department.

THE DISPLAY OF RHETORIC (WHOCARES) ACTS BY PUBLIC DEPARTMENT STATE EMPLOYEES (KIM L AND LAURIE T) DEFINITELY SHOWS HOW THEY TREAT INDIVIDUALS SEEKING HELP. NONETHELESS I WENT TO THE DIVISION BUREAU OFFICE, ASKING FOR HELP AND SAFETY PROTECTION FOR MY WELFARE, ONLY TO ENCOUNTER MISCHIEVOUS RIDICULE "ACTS" ASTO UNWARRANTED MISTREATMENT (DOCI.3.12) AND PERSONAL INSULTS AS A HUMAN BEING INDIVIDUAL, INDISPENSABLE (VITAL) TO GAIN MY RECOVERY AND COMPLIANCE, I SOUGHT OUT "OFFICIAL DETENTION" BUT WAS MET WITH INDISCREET CONDUCT TO HAWE ME "LOCKED UP" DUE TO THE DISLIKE FOR ME AS A INDIVIDUAL, LET ALONE A NATIVE AMERICAN PERSON. INDIRECT ACTS OR INDIRECT RESULTS WERE STATED THAT I NEED TO BE LOCKED UP A LONG TIME! I NEED TO GET OFF THE RESERVATION!

Indignity of my position as A Indian OFFENDER. Indignation conduct OR TREATMENT WAS Applied By "PERSONS" of "POWER", WHO KNOWINGLY VIOLATED POLICY, CODE OF ETHICS AND MY BASIC HUMAN RIGHTS WITH WILLFULL RHETORIC ACTIONS.

I WENT TO THE ADULT PROBATION AND PAROLE DIVISION BUREAU OFFICE TO SUBDUE MY ADDICTION DISEASE CONDUCT USAGE, AND REGAIN CONTROL, ASWELLAS TO COME BACK INTO COMPLIANCE WITH MY PROBATION, ONLY I ENCOUNTERED PERSONAL INSULTS AND DENIAL OF PROTECTION. Dignity OF MINE WAS DISREGARDED! ACTIONS BY THE ADULT PROBATION AND PAROLE OFFICER'S Displayed DISLIKE FOR ME AS A INDIAN INDIVIDUAL AND FAVORITISM TO LOCKING ME UP FOR A LONG TIME, BUT WOULD NOT ALLOW ME TO USE THE "OFFICIAL DETENTION" BUT ARE WILLING TO SHOW AdVERSE (INJURIOUS) OF MY INDIVIDUAL Dignity. THEREFORE THEY DISPLAY RIDICO Ridicule AND RHETORIC (NOBODY CARES) ACTS TOWARD ME AS A PERSON. REVILEMENT ACTS COME BY "HEAD" SUPERVISIOR (LAURIE T) AS SHE CRITICIZED WITH DEMEANOR (PERSONAL INSULTS) THAT VIOLATE "POLICY DIRECTIVES" TO THE "Code OF ETHICS". NONETHELESS AS A Indian Individual I feel "DISCRIMINATORY ACTS", DISTINGUISH, UNFAIRNESS, PERCEPTIVE, OR Just TREAT UNFAVORABLY AND ONLY INCARCERATION TREATMENT IS INFLUENCE FAVORABLY IN AdVANCE (PREDISPOSE) TO GET ME OFF AND AWAY FROM THEM (PPO) AND THE RESERVATION. PREVAILING By USE OF EFFECTIVE (Ridicule) OR PERSUASIVE SPEAKING AS REVILE TO ME AS A PERSON, LET ALONE A INDIAN Individual. "MERITS" FOR MY INDIVIDUAL Dignity AND BASIC HUMAN Rights HAVE BEEN INFRINGEMENT upON. "INFRINGE" ACT IN DEFIANCE OF ANOTHER'S RIGHTS (DARRIN W. MATT) AS THEY DISREGARD ALL "RIGHTS" OF "OFFENDER" (46290 MATT) AS THEY Impinge UPON WITH INFRACTIONS. As THEY "INFLICT," Ridicule DISCRIMINATION ACTS THAT INITIATED MY Addiction DISEASE CONDUCT TO CONTINUE AND "INJURE" (INSULT) (OFFEND) (RUIN) (HURT) (DAMAGE) (impair) "Purposely" AND WITH KNOWLEDGE" THAT IT WOULD "INJURIOUSLY" TO MY EMOTIONAL AND MENTAL STATE OF MIND, WITH THEIR "UNJUST ACT." (INEQUITY) (WRONGDOING) (BIAS). My INCAPACITY TO STOP MY Addiction DISEASE CONDUCT DISPLAYED MY WILLINGNESS TO TO USE "OFFICIAL DETENTION", FOR PROTECTION, ONLY TO BE DENIED) AND INSTIGATE TO CONTINUE Addiction DISEASE MISCONDUCT AND EXHORT OR FORMENT MY CONDUCT AS LONG AS I don't GET ANOTHER CHARGE OR ARRESTED ON THEIR TIME!! PERSUADED ME TO

1. A . B

By APPEALING TO MY CONSCIENCE, TO TAKE CONSTRUCTIVE ACTION WITH MY Addiction DISEASE MISCONDUCT USAGE. IF YOU INSTIGATE AN ACTION, HOWEVER, it IMPLIES THAT YOU ARE RESPONSIBLE FOR INITIATING it AND THAT THE PURPOSE IS probably A NEGETIVE PLOT, INASMUCH INCENTIVE WAS GRANTED WITH INDUCEMENT TO USE. INCONSIDERATE FOR MY WELFARE PROTECTION OR SAFETY, I WAS INCOMPARABLE FOR REHABILITATION SERVICES OUTSIDE OF INCARCERATION IMPRISONMENT. THE IMPERTINENT INDIVIDUAIS (LARRIE T AND KIM L) HAS A TENDENCY TO BE RUDE, AS THE OBTRUSIVE PERSON (LAURIE T) HAS A TENDENCY TO THRUST HERSELF INTO A POSITION WHERE SHE IS CONSPICUOUS AND APT TO DO MORE HARM THEN GOOD, WITH HER INSOLENT BEHAVIOR. THEREFORE THEIR "ACTS" ENCROACH ON MY INDIVIDUAL BASIC HUMAN Rights AS A HUMAN BEING PERSON. REHABILITATION MERITS TO TREATMENT CENTER WHERE STOPPED WITH P DENIAL, UPON CLAIMS OF NO PAYMENT OR APPROVAL. ACCESS WILL BE GIVEN UNDER THEIR AUTHORITY POWER, (INDULGE) TAKEN PLEASURE FREELY AS THEY HUMOR THEMSELVES WITH INDIGNITY OF MY POSITION WITH THEIR "INDIFFERENT, (indifference) UNCONCERN WITH MY THOUGHTS OR FEELING OR REQUESTS. CREATING THE IMPAIRMENT UPON MY MENTAL AND EMOTIONAL WELLBEING KNOWINGLY THAT I WILL CONTINUE TO USE AND HOPING I COMMIT ANOTHER CRIMINAL OFFENSE. THEIR ACTIONS IGNORED MY PLEAS AND INTENTIONALLY DISREGARDED ME A NATIVE AMERICAN PERSON. MISAPPREHENSION OF THE TRUE STATE OF AFFAIRS, DECEIVING, DECEIT, MISCONCEPTION, FAULTY PERCEPTION OF THEIR ACTIONS OF ADVERSE, INVOLVEMENT OF MY EMOTIONAL FEELINGS. DEFINITELY WITHOUT DOUBT BREAKING PROFESSIONAL RELATIONSHIP WITH ME AS A "OFFENDER" INDIVIDUAL, AND DISCRIMINATING Against ME, SHOW FAVOR TOWARD MY INCARCERATION NEEDS OF TREATMENT. INSTEAD OF ALLOWING ME TO USE THE RECOMMENDATIONS OF THE LICENCE Addiction COUNSELOR THEY BROUGHT IN FOR MY REHABILITATION SERVICE NEEDS, ONLY TO DENY ALL HER RECOMMENDATION AND CONCERNS TO WHICH THEY DISPLAY ALL THAT I'VE SAID IN HER (COLEEN GUSTAFSON) PRESENCE. UPON WHICH MAKES HER FEEL EMBARRASSED (AWKWARD) AND OFFEND (DISPLEASE) HER AS THEY RIDICULE ME AND MY Addiction DISEASE. WHICH WAS WRONG AND A "INFRACTION" VIOLATION, AN ABHORRENT ACT THAT COULD NOT GO UNPUNISHED. WITHOUT PREPARATION L.A.C. DISPLAYED DEGREE OF EXCELLENCE, CHARACTERISTIC, TRAITS, AND DEFENDED MY "INDIVIDUAL DIGNITY" FROM THE ABUSERS OF MY SUPERVISION CARE AND (CUSTODY, TO WHICH THEY SHOWED COMPLICITION IN CARRYING OUT THEIR DEVIOUS PLAN. AS THEY ACCEPTED MY DECISION WITHOUT DEMUR (OBJECTION), Out of THE Question USE OF REHABILITATION SUCH AS, M.C.D.C, RimRock FOUNDATION, ECT, ECT. AND I WAS TO RELINQUISH MY INDIVIDUAL DIGNITY AND Rights AND FORCED INTO INCARCERATION IMPRISONMENT PROGRAM THAT IS CONTRACTED BY THE DEPARTMENT. DECISIVE PUNISHMENT WAS CRITICIZED BY THE Ridicule Judgment analysis AND REHABILITATION DISAPPROVAL, AND STERN HARSHNESS AND REJECTION, AND BELIEVE THE ACT A RACIAL Discrimination. DUE TO "ACTS" OCCURRED IN THE DIVISION OFFICE LOCATED ON THE FLATHEAD RESERVATION THEREFORE THE OFFENSE INFRACTION WERE KNOWINGLY COMMITTED WHILE "UNDER"

2.A.B.

CARE CUSTODY AND SUPERVISION AS A OFFENDER OF THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS, AS HER (LAURIE T) INDISCRETIONS WERE NO SECRET THAT ACKNOWLEDGE OF ME EXCUSED SUCH BEHAVIOR THAT SHE IGNORED ETHICAL OR MORAL STANDARDS, upon WHICH SOME OTHER SENSE BARRIER (A PERCEPTIBLE CHANGE IN HER (LAURIE T) TONE OF VOICE,) AS TO "TAKE UP" INCARCERATION WITH RIDICULE OF MY ADDICTION DISEASE AS SHE TARGETS MY MENTAL AND EMOTIONAL WEAKNESS AND TARNISH MY INDIVIDUAL Dignity AND TORMENTS ME (CONDUCT)(PERFORMANCE) AS SHE DISPLAYS HER DISLIKE FOR ME, AND A PITHY ARGUMENT THAT NO ONE COULD COUNTER, AS INCARCERATION TREATMENT IS ALL I AM ENTITLE TO.

UNETHICAL ACTION BEHAVIOR WAS COMMITTED UPON ME ON OCTOBER 17, 2017 BY PUBLIC STATE DEPARTMENT EMPLOYEE'S (KIM L. & LAURIE T) OF THE ADULT PROBATION AND PAROLE DIVISION OFFICE OF LAKE COUNTY, (FLATHEAD RESERVATION) AS I DIRECTED TO WRITE A SATIRE EXPOSING THEIR MISTREATMENT AND CIVIL RIGHTS VIOLATIONS AGAINST ME. WHERE I HAD TO CRINGE BEFORE THEIR AUTHORITY AND INVOLUNTARY TAKE THE INCARCERATION AS MY ONLY OPTION, CAUSE THE PPO HAS NOT THE WHEREWITHAL TO DO IT FOR MY INDIVIDUAL REHABILITATION SERVICES OR NEEDS. AS MY WELFARE WAS AT A DISADVANTAGED DUE TO MY ADDICTION DISEASE CONDUCT USAGE, I WAS INFIRM AND DECREPIT TO MY DISEASE. AS THE PPO OFFICE CONSIDER'S MY WELFARE A WASTE, AND DENIED ME THE USE OF ANY OUTSIDE REHABILITATION OR OFFICIAL DETENTION. THEREFORE THIS IS A CONCISE SUMMARY OF EVERYTHING THAT HAPPENED TO ME PERSONAL AS A INDIVIDUAL. NEGLECT, DISREGARD, IGNORE, OVERLOOK, AND ENCOUNTERED WITH NEGATIVISM BEHAVIOR WHILE I SAT IN THE PROBATION OFFICE OF (KIM L,) my Probation OFFICER. By WHICH I WAS ILL-Advised TO KEEP DOING MY Addiction Disease CONDUCT WHICH IS ILL-GOTTEN, TO WHICH THEIR ACTIONS ARE CONSIDERED OF ILL-WILL TOWARDS ME, AND THEIR ACTS TOWARDS me ARE ILL-Mannered. THEIR NOTION WAS TO ALLOW MY MISBEHAVIOR CONDUCT IN HOPES THAT I HURT MYSELF OR OTHERS OF THE community, WITH Idle purpose. AS TO DEGRADE my CHARACTER BY STATING I NEED TO BE LOCKED UP INSTEAD OF GOING INTO REHABILITATION TREATMENT TO THE REMARKS THAT WERE INIMICAL TO EVERYTHING SHE (LAURIE T) BELIEVED IN, UNDER ADVERSE CIRCUMSTANCES, AND HAVE it IN FOR ME. THEREFORE SHE INSTRUCT TO DO EVERYTHING IN THEIR "POWER" TO OBTAIN ME AFTER THEIR DISPLAY OF Ridicule, DISCRIMINATORY ACTIONS TOWARD ME, AS my CAUSE FOR ComplAINT, INJUSTICE, INSULT, ALLEGATION OF MY GRIEVOUS, VIOLATIONS UPON ME, AND AdministRATION Code OF ETHICS STANDARDS OF PERFORMANCE AND CONDUCT.

I LEFT THE Adult Probation AND PAROLE DIVISION OFFICE IN WORSE SHAPE WHEN I SHOWED UP, UNDER MENTAL AND Emotional STRESS I CONTINUE MY Addiction Disease Conduct USAGE, AS THEY TOOK Advantage OF MY STATE OF MIND AND DISPOSE ME BACK TO MY Addiction Disease KNOWINGLY I WOULD DO AS THEY PREDICTED I WOULD FAIL ONCE AGIAN, IS TO BE EXPECTED. EqualL OPPORTUNITY WAS TAKEN By DISCRIMINATE OF BETWEEN TWO REHABILITATION STYLES. TO WHICH I WAS NOW AT A DISTANT RELATION WITH THE DIVISION OFFICE OF PROBATION AND PAROLE OF LAKE COUNTY.

3, A. B.

BEYOND DISPUTE I WAS IN A DISAGREEMENT, DIFFERENCE OF OPINION CONFLICT TO WHICH I NEVER HAD A CHANCE, WITH BIAS UNFAIRNESS, TO WHICH I WAS DISHONOR BY DISRESPECT, INDIGNITY, DISGRACE, insult, TO WHICH I BECAME DISHEARTEN BY THE RIDICULE MISTREATMENT ABUSE BY MY SUPERVISION CAREGIVERS OF THE LAKE COUNTY ADULT PROBATION AND PAROLE DIVISION. BENEATH ONE'S DIGNITY (LAURIE T & KIML) I'M NOT CONSIDERED WORTHY ENOUGH FOR L.A.C, (GUSTAFSON) REHABILITATION RECOMMENDATION, AS THEY DICTATE ONLY, "NEXUS," INCARCERATION PROGRAM WAS MY ONLY OPTION AVAILABLE, NOTHING MORE, (FAVORITISM) PROGRAM OF PUNISHMENT OF CONVICTED OFFENDERS, THEREFORE COMPELLED ME TO THEIR PROGRAM.

COGNIZANCE OF MY ACTION WERE WITH KNOWLEDGE AND AWARENESS AS I DID REPORT MY USAGE AND STATED it WAS GETTING OUT OF CONTROL FOR ME. Obviously MY WILLINGNESS TO REQUEST "OFFICIAL DETENTION" WAS NOT A CLEAR SIGN THAT MY Addiction DISEASE CONTROLLED MY ACTIONS, MY SAFETY AND WELL BEING WAS NEGLECTED AND MY PROTECTION REQUEST WAS DISREGARDED ALONG WITH MY INDIAN RIGHTS [MCA 2-1-304(4)] AND CIVIL RIGHTS.

I DARRIN WILLIAM MATT, WRITTEN THIS DISPOSITION OF TESTIMONY, WHEREAS MY COMPLAINT IS THE VIOLATION OF MY HUMAN CIVIL RIGHTS AND MY INDIVIDUAL DIGNITY. THESE ARE MY WORDS, WRITTEN BY MY HAND AND I HOLD THEM WITH VALUE OF THE TRUTH UNDER OATH..

CONSTITUTIONAL RIGHT, INDIVIDUAL DIGNITY.

AFFIRMATION UNDER OATH ON SAID DATE: June 22, 2018

STATE OF MONTANA

COUNTY OF Toole

SIGNATURE OF INDIAN INDIVIDUAL: Darrin W. Matt

SIGNATURE OF NOTARY: Daniel Knust

EXPIRE OF COMMISSION: 9-21-21



DANIEL KNUST
NOTARY PUBLIC for
State of Montana
Residing at Chester, Mon
My Commission Expire
September 21, 202

1- S.A.B Document's

SEAL

4.A.B,

I, DARRIN WILLIAM MATT DID FILE A "WRIT" OF HABEAS CORPUS WHILE I WAS IN THE HOLDING FACILITY, SANDERS COUNTY DETENTION CENTER, ALONG WITH A FORMAL WRITTEN COMPLAINT, TO WHICH THE "OFFICIAL DETENTION" ASSISTED ME IN PROVIDING COPIES, AND MAILING THEM OUT.

NOW THIS HOLDING FACILITY IS CONTRACTED WITH THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS, PROBATION AND PAROLE DIVISION. NOW I WAS IN SAID "OFFICIAL DETENTION" FROM FEBRUARY 1-13 2018 TILL 11AM. I BEGAN MY LEGAL WORK LOAD PRODUCTION, PROSE, WHILE I WAS A INMATE OFFENDER. UPON DEPARTURE OF THE HOLDING FACILITY (SCDC) I LEFT WITH WITH LEGAL AND MEDICATION, AS TO MY LEGAL 10×13 ENVOLOPE CONTAIN MY COPY OF MY AA "WRIT" AND "FORMAL WRITTEN COMPLAINT," AND "LITIGATION WORK PRODUCTION," ASFORE THIS IS APPROVED PROPRITY UNDER PER POLICY 4.1.3, OF MSP/DOC.

SEARCH AND SEIZURE CAME FROM THE CONTRACT FACILITY (S.T.A.R.T.) OF THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS PROBATION AND PAROLE DIVISION ON FEBRUARY 13, 2018 2:30pm TO FEBRUARY 14, 2018 0630 AND UPON MY DEPARTURE OF SAID FACILITY I REQUEST MY LEGAL PROPRITY, AND THE STAFF, (JOE) LOOKED FOR IT AND COULD NOT FIND IT. I ALSO ASKED (HOMER) AND HIS PARTNER (UNKNOWN NAME) BUT HE IS THE SAME PERSON WHO DROPPED ME OFF ON (2-13-18). AS UNKNOWN PERSON STATE HE DID DROP MY LEGAL POSSESSION OFF WITH ME.

INFLICTION OF EMOTIONAL DISTESS DISTRESS WAS NOTICE OR ACKNOWLEDGE BY UNKNOWN TRANSPORT STAFF, AS I RESISTED, STRIVE AGAINST, REFUSE TO COMPLY WITH, REJECT TO GET OUT OF THE TRANSPORT VAN, WITH MY STATEMENT, "FUCK THAT TAKE ME TO JAIL OR PRISON, I'M NOT STAYING HERE!!" UNKNOWN PERSON STATED, "XI WISH I COULD BUT I AM UNDER STRICT ORDERS FROM D.O.C. TO PLACE YOU HERE," ORDER COME FROM D.O.C, "SORRY," IT'S JUST A OVER-NIGHT LAYOVER, BE BACK AT 0630, AND HE WAS. I DID FILE A GRIEVANCE, PER POLICY 3.3.300, WHILE IN C-POD UNIT, AND WROTE TO SAID FACILITY FOR MY COPY, BUT THEY CLAIM THAT I DID NOT FILE SAID GRIEVANCE FORM, TO WHICH "VIDEO" WILL SHOW ME PUTTING SAID FORM IN THE GRIEVANCE BOX IN C-POD UNIT.

THEREFORE I REQUESTED MY LEGAL PROPRITY SEVERAL TIMES, BY WHICH IT WAS "TAKEN", "DEPRIVED", "STOLEN" WITHOUT MY PERMISSION, THEREFORE MY "PAPER" WERE SEIZED UNDER THE CONTRACT FACILITY (START) OF THE DEPARTMENT OF CORRECTIONS PROBATION AND PAROLE DIVISION. UPON WHICH INTERFERE WITH (HINDER) MY "INDIVIDUAL DIGNITY", AND INTENTIONALLY IN VIO VIOLATING MY CONSTITUTIONAL RIGHTS. I DID FILE A GRIEVANCE FORM IN THE "NEXUS PROGRAM" ON THE SAID ISSUE, AND ONCE AGAIN THIS FACILITY IS UNDER CONTRACT fi WITH THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS PROBATION AND PAROLE DIVISION.

5. A. B.

DARRIN WILLIAM MATT, A INDIAN INDIVIDUAL, A CITIZEN OF THE FLATHEAD RESERVATION OF THE STATE OF MONTANA. MR. MATT IS A TRIBAL MEMBER OF THE CONFEDERATED SALISH KOOTENAI TRIBES, AND ALSO A ADULT OFFENDER. MR MATT ACTS OF ADDICTION DISEASE SHOULD OF DREW RED FLAG WARNINGS. MR. MATT DID INFORM ALL USAGE BEFORE PROVIDING A U.A. SAMPLE AT THE ADULT PROBATION AND PAROLE DIVISION. NOW MR MATT BEGAIN PROBATION ON MAY 21, 2017 AFTER HE DISCHARGED PAROLE. MR. MATT ACTIONS WERE DISREGARDED BY THE DIVISION LOCATED ON THE FLATHEAD RESERVATION, COUNTY OF LAKE. MR MATT DID REPORT AS DIRECTED BY PUBLIC EMPLOYEE, DEPARTMENT P.O.'S (KRIS/DALE) ON OCTOBER 5, 2017 FOR OCTOBER 10, 2017. NOW MR. MATT DID INFORM HIS PROBATION OFFICER (KIM L) THAT HIS ADDICTION DISEASE USAGE WAS OUT OF CONTROL AND MR MATT NEEDS TO BE PLACED IN DETENTION (JAIL), BUT P.O. KIM L IGNORED OR DISREGARDED MR MATT'S PLEA'S FOR WHATEVER REASON AND ALLOW MR. MATT TO WALK OUT OF THE DIVISION OFFICE BACK INTO THE COMMUNITY, THEREFORE DISREGARDING THE PUBLIC SAFETY AND WELFARE, MR. MATT DID RETURN TO THE DIVISION OFFICE ON OCTOBER 17, 2017 AND ONCE AGAIN INFORMED P.O. KIM L THAT MR. MATT ADDICTION DISEASE USAGE IS STILL OUT OF CONTROL AND NEEDS TO BE PLACED IN DETENTION (JAIL). ONCE AGAIN IGNORE AND DISREGARDED.

MR MATT DID THE C.D. ASSESSMENT WITH COLLEEN GUSTAFSON AND SHE IS A L.A.C, WHOM (KIM L) BROUGHT IN, AS MR. MATT ENTERED P.O. (KIM) OFFICE TO GET REHABILITATION SERVICES, AS MS. GUSTAFSON GAVE HER RECOMMENDATION OPTIONS TO M.S. LEIBENGUTH, AS (KIM.L) SHE DENIED HER RECOMMENDATION DUE TO PAYMENT AND DISAPPROVAL, (DISCRIMINATION) BY GOVERNMENT BRANCH, M.C.A. 2-15-2301 DEPARTMENT, (D.O.C.) STATING THAT D.O.C. WILL NOT, OR WONT APPROVE OR PAY FOR MR. MATT'S SERVICES, THEREFORE VIOLATION OF POLICY DIRECTIVES; (1.3.12) AND CODE OF ETHICS OF MDOC. UPON WHICH MS. GUSTAFSON REQUESTED AN A (2ND) SECONDED OPINION AND P.O. (KIM L) WENT AND GOT HER SUPERVISOR, BOSS, HEAD OF DIVISION, LAURIE THIBODEAU, UNPROFESSIONAL ACTS WERE AFFLICTED ONCE BOTH PUBLIC DEPARTMENT EMPLOYEE'S RETURNED AND RIDICULED MR. MATT AND LAUGHING AT HIM AND HIS ADDICTION DISEASE. THEREFORE CROSSING PROFESSIONAL RELATIONSHIP BOUNDARIES WITH MR MATT AND DISREGARDING ALL POLICES OF THE DEPARTMENT OF CORRECTIONS, (1.3.12) AS THEIR "ACTS" WERE PROPOSELY OR KNOWINGLY AFFICTED TOWARDS MR. MATT AS HE WAS COMPLETELY HELPLESS UNTIL MS. GUSTAFSON STEPED IN AND TOOK THEIR ACTIONS VERY OFFENSIVENESS TO HER PERSONALLY AND STATED THAT (MR. MATT) HE CAME IN HERE ASKING YOU FOR HELP AND ASSISTANCE FOR HIS ADDICTION DISEASE AND HIS ADDICTION DISEASE IS NOT A "LAUGHING MATTER". UPON WHICH BREAKING POLICY DIRECTIVES AT WILL, KNOWINGLY THEIR ACTS WILL BE OVERLOOKED, COVERED UP BY THE AUTHORITY POWER OF "DECEPTION".

NONETHELESS MS. GUSTAFSON ACKNOWLEDGE THEIR "STAFF MISCONDUCT" MISTREATMENT' AND ~~UNPREFBE~~ "UNPROFESSIONALISM" ACTS TOWARD MR MATT AND SPOKE UP IN THE DEFENSE OF MR. MATT'S "INDIVIDUAL DIGNITY." BY WHICH BOTH PUBLIC DEPARTMENT EMPLOYEE'S CLAIMS FOR THEIR "ACTS", IS TAKEN BY THE FACT THEY'VE KNOWN "OFFENDER" FOR A LONG TIME WITHIN THE SYSTEM THAT THEIR ACTIONS ARE ALRIGHT FOR THEM TO DO UPON OFFENDER MATT'S DIGNITY. NOW THE STATEMENT "HE NEEDS TO BE LOCKED UP," SHOWS DISLIKE TOWARD INDIAN OFFENDER MATT, "CONSIDERING THAT " MR MATT WAS SEEKING SERVICES FOR REHABILITATION NEEDS FOR HIS ADDICTION DISEASE. MR MATT ENCOUNTERED MISTREATMENT, DISCRIMINATION AND STAFF MISCONDUCT BY PUBLIC DEPARTMENT EMPLOYEE'S OF THE DIVISION OF ADULT PROBATION AND PAROLE OF LAKE COUNTY OF THE FLATHEAD RESERVATION. NOW WHERE AS A (2ND) SECOND OPINION WAS SOUGHT OUT FOR TURNED OUT TO BE "ABUSE" TOWARD OFFENDER AS FORE DISCRETIONARY DENIAL OF SERVICES FOR MR MATT DUE TO THEIR STATEMENTS, D.O.C. WON'T APPROVE OR PAY FOR HIS (MR.MATT) REHABILITATION NEEDS. (DISCRIMINATION AGAINST MR MATT) NOW MS.GUSTAFSON FRUSTRATED) WITH ALL HER REHABILITATION RECOMMENDATION DENIALS THAT SHE REQUESTED TO KNOW MR. MATT'S ~~OPTH~~ OPTIONS, BY WHICH BOTH STATED "NEXUS". NOW THIS ACT SHOWS THE HATE AND DISLIKE FOR MR. MATT THAT ONCE MS.GUSTAFSON STATED HER CONCERNS, BOTH PUBLIC DEPARTMENT EMPLOYEE'S STATED THE "POWER" THEY WERE GIVEN, BUT DISREGARDED OFFENDER MATT'S SAFETY OR WELFARE WELLBEING, AS A INDIAN PERSON, M.C.A [46-23-1004(7,)] THEREFORE DISREGARDING MR. MATT'S INDIVIDUAL HUMAN RIGHTS AND CIVIL RIGHTS AND HIS CONSTITUTIONAL RIGHTS. OFFENDER MATT 46290 IS A INDIAN PERSON, (M.C.A. 2-1-304) WHO ENCOUNTERED PERSONAL INSULT, DEFAMATORY MATTER, (MCA 49-1-101) AS WELL AS TO THE DISREGARD OF PERSONAL INJURY FROM SELF "HARM" WITH ADDICTION DISEASE USAGE, KNOWINGLY LET OFFENDER MATT OUT IN THE COMMUNITY WHILE MR. MATT PLEADED TWICE FOR "OFFICIAL DETENTION" FOR HIS PROTECTION AND SAFETY, BUT WAS DENIED. CONSIDERING THAT AN "ACT" OF DISCRIMINATION UPON MR. MATT (M.C.A.49-1-102) BY WHICH THESE "ACTS" ARE IN VIOLATION TO POLICIES, LAW, STATUES, HUMAN RIGHTS, CIVIL RIGHTS OF NATIVE AMERICAN INDIAN INDIVIDUAL DARRIN WILLIAM MATT.

NOW MR. MATT KNOWS HE IS AT "HARM" WITH THE "DECEPTION" AS "COMPUTER", MANIPULATION AND ADMINISTRATIVE PROCEEDING "BENEFIT" ENTITY AND OFFENDER IS AT A DISADVANTAGE DUE TO THE "POWER" OF "DECEPTION" AND DISHONESTY AMONGST PUBLIC EMPLOYEE'S OF THE MONTANA DEPARTMENT OF CORRECTIONS OF THE STATE OF MONTANA. LICENSE BY (MDOC) PUBLIC DEPARTMENT EMPLOYEE'S DISPLAYED) DISCRIMINATION AGAINST OFFENDER MATT AS THEY DISREGARDED ALL PERSONAL RIGHTS AND WELL-BEIN WELFARE SAFETY ALSO, NOW, THE DIVISION OFFICE LOCATED ON THE FLATHEAD RESERVATION DISPLAYED) "POWER", BUT it WAS DISCRIMINATION "POWER" OF "DECEITFUL DECEPTION", AND COMPLETE DISHONESTY, BETRAYAL OF TRUST.

OFFENDER MATT'S CLAIMS HAPPENED ON OCTOBER 10th AND 17th OF 2017 AND MR MATT "ACTS" OR "CONDUCT" SHOWS it AFFECTED HIS MENTAL AND EMOTIONAL WELL-BEING. NO MATTER WHAT MR. MATT SAYS, THE DEPARTMENT STATES CLAIM THAT NO VIOLATIONS WERE MADE EVEN AS MR. MATT ESTABLISHES A PATTERN OF Policy VIOLATION WITHIN THE DEPARTMENT. MR. MATT CONSIDERS ALL "ACTS" OF MISCONDUCT MISTREATMENT UNWARRANTED.

"INJURE" TO MR MATT'S RIGHTS CAME FROM THE HANDS OF PUBLIC EMPLOYEE'S OF THE DEPARTMENT, A GOVERNMENT BRANCH OF THE STATE OF MONTANA, UNDER THE DIVISION OF PROBATION AND PAROLE OF M.C.A. 2-15-2301 BY WHICH PUBLIC EMPLOYEE ARE QUALIFIED DEPARTMENT EMPLOYEE'S (MCA 46-23-1003). THEIR "ACTS" DISPLAY COMPLETE DISREGARD FOR NATIVE AMERICAN INDIAN INDIVIDUAL DARRIN WILLIAM MATT, ALSO DISCRIMINATING AND KNOWINGLY AND PURPOSELY SENDING OFFENDER MATT OUT INTO THE COMMUNITY HOPING HE COMMITS MORE "HARM" TO HIMSELF OR OTHERS EVEN AS HE ASKED FOR OFFICIAL DETENTION PLACEMENT FOR THE PURPOSE OF THE PROTECTION FOR HIS SAFETY. "PERSON", SUCH AS DIVISION OFFICE OF LAKE COUNTY ADULT PROBATION AND PAROLE DISREGARDED ALL ACTS OF CONDUCT BY OFFENDER MATT AND ALLOWED HIS CONDUCT TO CONTINUE. KNOWINGLY HIS CONDUCT COULD "HARM" HIMSELF AND OTHERS, BUT MS THIBODEAU CHOOSE TO GIVE OFFENDER PERMISSION AS LONG AS HE DOES NOT GET ARRESTED ON HER TIME!! THEREFORE PURPOSELY AUTHORIZING OFFENDER MATT TO CONTINUE HIS Addiction DISEASE SUBSTANCE USEAGE (Solicit), AS SHE PERSONAL "INSULTS", Ridicule OFFENDER MATT BY MOCKING HIM WITH LAUGHTER WITH THE "THREAT" OF "POWER"; HE SHOULD BE LOCK UP A LONG TIME!! BY WHICH MANY REHABILITATION RECOMMENDATION DENIALS BY BOTH "PERSON'S" OF LAKE COUNTY PPD DISPLAY FAVORITISM AND UNFAIR TREATMENT TO OFFENDER MATT, THEIR "ACTS" AND "MISTREATMENT" DISPLAY VIOLATION OF OFFENDER MATT'S INDIVIDUAL DIGNITY AND BASIC HUMAN RIGHTS, AS WELL AS COMPLETE DISREGARD OF "CODE OF ETHICS" AND "PERFORMANCE AND CONDUCT", TO THE CONCERNS OF MS. GUSTAFSON (MCA 46-23-1004(7.)) UPON WHICH MS GUSTAFSON STATED SEVERAL TIMES TO BOTH (KIM/LAURIE) DEPARTMENT EMPLOYEE'S OF THE PPD, TO WHICH THEIR "ACTS" NEGLECTED THEIR DUTIES AND RESPONSIBILITIES OF CARE FOR OFFENDER MATT, WHO IS A OFFENDER UNDER CARE CUSTODY SUPERVISION. NONETHELESS THIS MISTREATMENT AND STAFF MISCONDUCT DISPLAYS TOWARD OFFENDER (MATT), "ABUSES" THE POWER GIVEN TO THEM, AS THEY ALSO DISPLAY "DECEPTION", DISHONESTY WITH DECEITFULL-NESS ON ALLEGETION OF PETITION AGAINST MR MATT.

MENTAL AND EMOTIONAL ABUSE HAS BEEN AFFLICTED UPON OFFENDER (MATT) BY WHICH OFFENDER (MATT) "ACTS" AND "CONDUCT" SHOWS HOW MUCH it DID AFFECT HIM AS A INDIVIDUAL. NOW OFFENDER (MATT) WAS ARRESTED ON A WARRANT ON JANUARY 18, 2018 AT PLACE OF RESIDENCE, 47293 BEAVERHEAD LANE, RONAN.

3

OFFENDER (MATT) REQUESTED A PPD 3.3.300 GRIEVENCE FORM ON JANUARY 21, 2018 WHILE IN THE LAKE COUNTY DETENTION CENTER, THEREFORE OFFENDER (MATT) DID NOT RECEIVE THE FORM HE REQUESTED FOR, THEREFORE ESTABLISHING THE DISLIKE TOWARDS INDIAN OFFENDER (MATT). BY WHICH "ACTS" DISPLAY OF VIOLATING OFFENDERS (MATT) RIGHTS TO USE THE GRIEVENCE PROGRAM. NONETHELESS OFFENDER (MATT) ALSO SENT AN INMATE REQUEST FOR "NEXUS" INFO, BY WHICH KIM LEIBENGUTH SENT OFFENDER (MATT) (1-26-18) BUT NEGLECTED TO SEND OFFENDER (MATT) THE GRIEVENCE FORM. ONCE AGAIN VIOLATING POLICY PROCEDURE DIRECTIVES AT WILL, KNOWINGLY OR WITH KNOWLEDGE THAT HER "ACTS" AGAINST OFFENDER (MATT) ARE INTENTIONAL OR PURPOSELY.

ESTABLISHING A PATTERN IS AT HAND HERE, AS OFFENDER (MATT) DISPLAYS DISCRIMINATING "ACTS" UPON HIS "INDIVIDUAL DIGNITY" AS A INDIAN PERSON BY WHICH OFFENDER MATT "WORD" IS AGAINST MANY OF THE GOVERNMENTAL STRUCTURE OF THE STATE OF MONTANA DEPARTMENT OF CORRECTIONS, MCA 2-15-2301 DIVISION OF ADULT PROBATION AND PAROLE OF POLSON MONTANA LOCATED ON THE FLATHEAD RESERVATION.

"ACTS" VIOLATED INDIVIDUAL DIGNITY, 2-1-304 M.C.A.; 49-1-101 MCA; 49-1-102 MCA; OF INDIAN TRIBAL MEMBER #203-U0-10045 DARRIN WILLIAM MATT, A INDIAN PERSON A CITIZEN OF MONTANA OF THE UNITED STATES OF AMERICA. CLAIMS BY DARRIN WILLIAM MATT ARE CAUSED BY NEGLIGENT OR WRONGFUL ACT OR OMISSION COMMITTED BY PUBLIC DEPARTMENT EMPLOYEE'S, OR SERVANT OF A GOVERNMENTAL ENTITY, WHICH IS LOCATED ON THE FLATHEAD RESERVATION OF THE STATE OF MONTANA. BY WHICH IS LOCATED IN THE CITY OF POLSON. PUBLIC DEPARTMENT EMPLOYEE'S, (KIM L & LAURIE T) WILLFULLY KNOWINGLY NEGLECT THE WELFARE, PROTECTION, SAFETY OF NATIVE AMERICAN INDIAN INDIVIDUAL BY ALLOWING Addiction DISEASE CONDUCT TO CONTINUE EVEN AFTER INDIAN INDIVIDUAL INFORMED THEM THAT HIS (MATT) Addiction DISEASE WAS OR IS OUT OF CONTROL, AND NEED TO BE PLACED IN "OFFICIAL DETENTION." BY WHICH WAS DISREGARDED WHICH OFFENDER (MATT) WAS INFLICTED WITH "MISTREATMENT" (RIDICULE, PERSON INSULT) THAT Adversity (Adverse) AFFECTED OFFENDER (MATT) MENTAL AND EMOTIONAL WELL-BEING, BY OFFENDERS (ABSCOND) ACTIONS DUE TO THE MENTAL AND EMOTIONAL ABUSE AFFLICTED BY OFFENDERS (MATT) SUPERVISION, CARE, CUSTODY CAREGIVERS OF HIS INDIAN WELFARE, WELL-BEING AS A HUMAN BEING OR PERSON. KNOWING THAT THE OFFENDER HAS A Addiction DISEASE PROBLEM BY ALL HIS (MATT) Admissions, HONESTY, UPFRONT, THEY DISREGARDED HIS (MATT) REQUEST FOR OFFICIAL DETENTION PLACEMENT; KNOWING THE PROBABLE CONSEQUENCES OF OFFENDER'S (MATT) "ACTS", ESTABLISHING A DISREGARDING CONCERNS FROM OFFENDER (MATT) AND A LICENSE Addiction COUNSELOR, COLLEEN GUSTAFSON, WHO THE BROUGHT IN AND DISREGARD HER REHABILITATION RECOMMENDATIONS, (MCA 46-23-1004(7)) THEREFORE

4

DISCRIMINATING AGAINGST NATIVE AMERICAN INDIAN INDIVIDUAl, DARRIN WILLIAM MATT AFTER AFFLICTING MENTAL AND EMOTIONAL MISTREATMENT, WITH DENIALS, & DISPLAYING UNPROFESSIONALISM CONDUCT TOWARD OFFENDER (MATT). IMPLICATION OF POLICIES OR CONCERNS WERE DISREGARDED BY THE ADULT PROBATION AND PAROLE OFFICERS (KIM/LAURIE) SIGNIFY THEIR DISLIKE FOR OFFENDER (MATT) WHO IS A INDIAN PERSON, AND ALLOWED HIM (MATT) TO ENDANGER HIMSELF AND OTHER OF THE COMMUNITY OF THE FLATHEAD RESERVATION. OFFENDERS (MATT) INABILITY TO STAY SOBER, AND PLEA SHOULD OF BROUGHT DEEP OBSERVANT CONCERN FROM THE ADULT PROBATION AND PAROLE DIVISION AND GRANTED OFFENDERS (MATT) REQUEST FOR OFFICIAL DETENTION, THEREFORE THEIR "ACTS" SHOW THAT THEY WANTED "HARM" OR OFFENDER (MATT) TO CAUSE HARM TO OTHERS ASWELLAS TO PICK UP ANOTHER SERIOUS OFFENSE UNDER HIS (MATT) MENTAL INCAPACITATED (ADDICTION DISEASE) INFLUENCE OF INTOXICATING SUBSTANCE.

OBTAINING SERVICES CAME WITH A PRICE OF "MISTREATMENT," INTIMIDATATION OF POWER AND DISREGARD OF SAFETY FOR THE COMMUNITY AND THE WELFARE WELL-BEING OF DARRIN WILLIAM MATT A NATIVE AMERICAN INDIAN INDIVIDUAL. DECEPTION WAS INSERTED ON "REPORT OF VIOLATION," BY WHICH DECEITFULNESS OF COMPUTER MANIPULATION WAS WAS USED IN THE "ADMINISTRATIVE PROCEEDINGS," BENEFIT" ONLY TO THE PPD LAKE COUNTY, DUE TO OFFENDER (MATT) DID REQUEST FOR HIS ALLEGATION OF PETITION (DISCOVERY) AND NEVER RECEIVED A COPY THEREFORE "ACT" OF DISHONESTY, WITH CONTROL OF THE OUT COME OF OFFENDERS (MATT) ADMINISTRATIVE PROCEEDINGS. KnowINgly THAT OFFENDER'S (MATT) "DUE PROCESS" DEFENSE COMES FROM THE PETITION OR "REPORT OF VIOLATION," (PPD 3.4.102(A)) THAT THEY PURPOSELY WITH, KNOWINGLY "DECEPTION" TO DISCREDIT OFFENDER'S (MATT) HONESTY OF ADDICTION DISEASE USAGE, WITH MANIPULATION OF SAID REPORT. THIS "SERIES OF ACTS" DISPLAYS UNFAIR TREATMENT TOWARDS OFFENDER (MATT) AND VIOLATES THE "CODE OF ETHICS," OF THE MONTANA DEPARTMENT OF CORRECTIONS. WILLFULLY DISREGARDING PROCEDURE, POLICY, CODE OF ETHICS, TO OBTAIN OFFENDERS (MATT) GUILTY PLEA. NOT KNOWING THAT OFFENDER (MATT) HAD OFFERED HIS PLEA FOR THE "CREDIT" OF THE "ELAPSE TIME" (STREET TIME) FOR HIS (MATT) GUILTY PLEA, WHICH WAS 240 DAYS AND LEFT OFFENDER (MATT) WITH 16 MONTHS TILL DISCHARGE, RECOMMENDATION OF "NEXUS" (9 months) FOLLOWED BY THE PRE RELEASE CENTER (6 months) WHICH IS ON RIGHT HAND SIDE, TOP OF THE REPORT OF VIOLATION. UPON WHICH FACT FINDING "DISLIKE," FOR OF OFFENDER (MATT) SHOWS IN THE REPORT. NONETHELESS OFFENDER (MATT) OBTAIN ALL DOCUMENTATIONS PERTAINING TO HIMSELF AND THE USE OF INMATE REQUEST FORMS. NOW OFFENDER (MATT) ATTEMPTED TO USE THE GRIEVENCE PROGRAM 3.3.300 (PP 60-106) ON JANUARY 21, 2018 BUT WAS DEPRIVED THE FORM TILL FEBRUARY 21, 2018 WHEN OFFENDER (MATT) WAS IN HOLDING FACILITY (FCSO) UPON WHICH OFFENDER (MATT) HAD TO EXPLAIN TO THE CHIEF DETENTION OFFICER (PICCO) HOW TO RETRIEVE (OBTAIN) SAID PP 60-10 B FORM. NONETHELESS OFFENDER (MATT) DID REQUEST FORM, AND FILED A WRITTEN COMPLAINT WHILE IN HOLDING FACILITY (SCDC) (2-8-18) TO WHICH OFFENDER (MATT) DID DELIVER A COPY TO PUBLIC EMPLOYEE, KENNETH DENNY, PROBATION OFFICER, SANDERS COUNTY.

UNFORTUNATELY OFFENDER (MATT) ENCOUNTERED NUMEROUS MISFORTUNES DUE TO THE PROBATION AND PAROLE DIVISION WHO HAD SO LTD LITTLE REGARD FOR OFFENDER (MATT) AND WHO HAD TAKEN ADVANTAGE OF OFFENDER (MATT) TRUST AND MISFORTUNES TO CREATE A OPPORTUNITY FOR THEMSELF (THEMSELVES) TO BETRAY HIM AND DISCARD HIM WITHIN THE SYSTEM. OFFENDER (MATT) FEELING HOPELESS AND RIDICULOUS, OFFENDER (MATT) FELT PISSED OFF AT BEING FORCED INTO INCARCERATION PROGRAM AND TOLD THAT D.O.C. WONT PAY OR PROVIDE SERVICES OUTSIDE OF D.O.C. CONTROL, THEREFORE APPLING UNFAIR TREATMENT TO A OFFENDER WHO IS A "INDIAN", A ADDICTION DISEASE INDIAN INDIVIDUAL, LET ALONE A ADULT INDIAN OFFENDER, OR NATIVE AMERICAN WHO NEEDS TO BE LOCKED UP ON "THEIR" AUTHORITY "POWER" AND NOT WHEN OFFENDER (MATT) REQUEST THE "OFFICIAL DETENTION" ASSISTANCE TO REGAIN CONTROL OVER HIS SOBRIETY. OFFENDER (MATT) TRUELY BELIEVES THAT A 30 DAY DETENTION SANCTION UNDER M.C.A. 46-23-1012, PROBATION VIOLATOR INTERVENTION, BUT INDIAN OFFENDER IS NOT ENTITLED TO THAT PRIVILEGE OR ALLOWED THAT ACCOMMENDATION LUXARY TO BETTER ONES SELF.

OFFENDER (MATT) DISPLAYED CONDUCT OF HURT, DISBELEIF, ANGER, FRUSTRATION, AND CAME BACK ON OCTOBER 10th, 17th, 18th, AND WAS NEVER ARRESTED, WHY? OFFENDER (MATT) ADDICTION DISEASE (MENTALLY INCAPACITATED) INFLUNCE OF AN INTOXICATING SUBSTANCE CONDUCT TOOK CONTROL AND OFFENDER (MATT) INFORMED THE ADULT PROBATION AND PAROLE DIVISION OF HIS CONDUCT BEING OUT OF CONTROL. "GROSS DEVIATION" OR THE "NEGLIGENTLY" ACT WAS APPLIED BY THE "DIVISION" WILLFULLY, AND PURPOSELY, KNOWING THAT OFFENDER'S ACTIONS, ENDANGER HIMSELF AND THE COMMUNITY OF THE FLATHEAD RESERVATION. BY WHICH "PUBLIC TRUST" DISREGARDED, A FAILURE TO TAKE ACTION.

ADULT PROBATION AND PAROLE DIVISION, KIM LEIBENGUTH, LAURIE THIBODEAU, PUBLIC EMPLOYEE'S DEPARTMENT EMPLOYEE'S OF MCA [2-15-2301] WHO SHOWED LITTLE CONCERN FOR SAFETY, RIGHTS, PROTECTION, FOR INDIAN INDIVIDUAL, ADULT OFFENDER 46290, PERSON NAMED DARRIN WILLIAM MATT, A CITIZEN HUMAN BEING.

AFFIRMATION UNDER OATH, WRITTEN BY DARRIN WILLIAM MATT,

_Darrin W. Matt_
SIGNATURE BY INDIAN INDIVIDUAL

_Daniel Knust_
SIGNATURE OF NOTARY
DATE: 6-22-2018
STATE OF MONTANA
COUNTY OF Toole

SEAL



DANIEL KNUST
NOTARY PUBLIC for the
State of Montana
Residing at Chester, Montana
My Commission Expires
September 21, 2021

I BEGAN MY SUPERVISION OF MY PROBATION ON MAY 21, 2017. I WAS UPFRONT, HONEST OF MY ADDICTION DISEASE MISCONDUCT TO THE ADULT PROBATION AND PAROLE DIVISION BUREAU OFFICE LOCATED ON THE FLATHEAD RESERVATION. TO WHICH MY ADDICTION USAGE GOT THE BEST OF ME. WITH THAT IN MIND, I FAILED TO REPORT TO MY PROBATION OFFICER (KIM L.) FOR 137 DAYS FOLLOW BY ANOTHER 92 DAYS AFTER MY "MISTREATMENT," BY PUBLIC EMPLOYEE'S OF THE DEPARTMENT OF CORRECTIONS. NOW ON OCTOBER 5, 2017 I WAS CONFRONTED AT MY PLACE OF RESIDENCE BY PROBATION AND PAROLE OFFICERS (KRIS & DALE) BY WHICH I WAS TOLD TO REPORT ON OCTOBER 10, 2017. AS FOLLOWED I SHOWED UP TO THE DIVISION OFFICE AND MY FIRST "OFFICIAL DETENTION" PLACEMENT REQUEST WAS ASKED; I NEED TO BE PLACED IN JAIL, MY ADDICTION USAGE IS OUT OF CONTROL! THEREFORE A CHEMICAL DEPENDENCY EVAL ASSESSMENT WAS SCHEDULED FOR OCTOBER 17, 2017 AND TOLD TO COME BACK THAT DAY, AND I DID JUST THAT. NONETHELESS ON OCTOBER 17, 2017 I SHOWED BACK UP AT THE DIVISION BUREAU OFFICE AND ONCE AGAIN REQUESTED "OFFICIAL DETENTION" PLACEMENT, AND ONCE AGAIN "DISREGARDED" PLACEMENT FOR MY OWN PROTECTION, SAFETY OF MY INDIVIDUAL WELFARE WELLBEING. UPON WHICH I STARTED MY ASSESSMENT WITH L.A.C. COLLEEN GUSTAFSON. TO WHICH WHEN WE WERE COMPLETE WE ENTERED MY PROBATION OFFICERS (KIM L.) OFFICE TO DISCUSS REHABILITATION CENTER OPTIONS, SUCH AS M.C.D.C., RIMROCK, OR ANY OF THE TREATMENT CENTERS ON OTHER INDIAN RESERVATION. NEVERTHELESS (KIM L.) PROBATION OFFICER DENIED SERVICES NEEDS, DUE TO FUNDING AND APPROVENESS, "I DON'T THINK D.O.C. WILL APPROVE OR PAY FOR IT!! THEREFORE APPLING "UNFAIR" TREATMENT UPON ME AS A INDIAN INDIVIDUAL. CONSIDERING ME UNWORTHY FOR REHABILITATION OF ENTITIES OUTSIDE OF THE D.O.C. BY WHICH L.A.C. GUSTAFSON REQUEST A SECOND OPTION ON THE MATTER AND P.O. KIM, THEN BROUGHT IN HER SUPERVISIOR, LAURIE THIBIDEAU, HEAD OF SAID DIVISION BUREAU OFFICE AND "RIDICULE", "DEFAMATORY MATTERS", "PERSONAL INSULTS", WILLFULLY, WITH KNOWLEDGE, TOWARDS ME AS A "INDIAN INDIVIDUAL" WITH "ADDICTION DISEASE", AS TO I WAS IN THIS OFFICE SEEKING "HELP" FOR MY ADDICTION DISEASE ONLY TO BECOME A LAUGHINGSTOCK AMONGST THE TWO PUBLIC EMPLOYEE'S OF THE DEPARTMENT OF CORRECTIONS, NOW WITH THAT, L.A.C. GUSTAFSON WAS VERY UNPLEASED BY THEIR "ACTIONS" OR "ACTS", THAT SHE SPOKE UP AND DEFENDED MY "INDIVIDUAL DIGNITY," BY THE MISTREATMENT CONDUCT BY THE PUBLIC EMPLOYEE'S, OR STAFF OF THE DEPARTMENT, BY THEIR DEFENSE CLAIMS, "THEIR ACTIONS ARE PERMITTED, DUE TO THE FACT THAT THEY KNOWN ME FOR A LONG TIME!" THEN LAURIE T STATES I NEED TO BE LOCKED UP A LONG TIME!! ALSO STATING THAT D.O.C, WON'T PAY OR APPROVE OF MY REHABILITATION SERVICES. THEREFORE FRUSTRATED BY "ADVERSITY" TOWARDS ME, SHE ASKED WHAT OPTION DO I HAVE THEN? UPON WHICH BOTH STATE TOGETHER, "NEXUS"! AS A NATIVE AMERICAN INDIVIDUAL, I AM ONLY ALLOWED INCARCERATION TREATMENT SERVICES. NONETHELE. L.A.C. WELFARE CONCERN'S WERE DISREGARDED AS BOTH PUBLIC EMPLOYEE'S STATE THE "POWER" THEY HAVE TO OBTAIN ME, BUT SHOW NO COMPASSION OR DIGNITY TOWARDS MY SIMPLE REQUEST FOR OFFICAL DETENTION PLACEMENT.

1. A

THE CONVERSATION RHETORIC WAS AN AUTOMATIC SPOUTING OF PARTIAL OR EVEN SERIOUSLY INTIMIDATING ME, SHE (LAURIE) SEEMED BAFFLED AND IRRITATED BY MY PRESENCE. DESPITE HER POSTURING, I DON'T THINK SHE FINDS ME PARTICULARLY WORTHY OF ANYTHING EXCEPT INCARCERATION, CONFINEMENT, THEREFORE I AM FORCED BY INSECURE PEOPLE IN POSITIONS MDOC BUREAUCRATIC DIVISION POWER CAN EXTREMELY CRUEL, AS I HAVE Good REASON TO KNOW FROM VARIOUS ENCOUNTERS WITH DEPARTMENT PUBLIC EMPLOYEE'S, OR P.O.'S. BY WHICH I AM FORCED INTO M.D.O.C, PROGRAM DUE TO LACK OF ADEQUATE OR SHORTAGE OF FUNDING RESOURCES FOR ME AS A NATIVE AMERICA INDIAN INDIVIDUAL. BIASED, DISCRIMINATORY, IN FAVOR OF, PREDISPOSED TO, OR TOWARD, PREJUDICE, IN PART, TO SOME EXTENT OR DEGREE, TO A CERTAIN EXTENT DEGREE, BY THEIR STATEMENTS AND "ACTS", "CONDUCT" OR ACTIONS COMMITTED UNDER THEIR CUSTODY CARE OF SUPERVISION.

I WAS AT THIS DIVISION BUREAU OFFICE ON OCTOBER 17, 2017 TO REHABILITATE, STRAIGHTEN OUT, COME BACK INTO COMPLIANCE WITH MY PROBATION. Only TO ENCOUNTER COMPLICITY AND RIDICULE, LAUGH AT, POKE FUN AT, TEASED, MOCKERY, MAKING A LAUGHINGSTOCK OF, THAT WAS UNWARRANTED AND UNREASONABLE, ABSURD AND UNPROFESSIONAL. PERSONAL INSULT, WAS AT THE HANDS OF MY PROBATION OFFICER (KIM L) AND HER BOSS (LAURIE T) HEAD OF THE DIVISION OF ADULT PROBATION AND PAROLE OF LAKE COUNTY ON THE FLATHEAD RESERVATION.

MY LIBERTY WAS DISREGARDED BY THE DIVISION BUREAU OFFICE PUBLIC EMPLOYEE'S (KIM L / LAURIE T) UPON THEIR "MISTREATMENT MENTAL AND EMOTIONAL ABUSE" TOWARD ME AS A INDIAN INDIVIDUAL, INDIAN PERSON, AND WAS INAPPROPRIATE PERFORMANCE AND CONDUCT TOWARDS ME AS A HUMAN BEING. THEIR "ACTS" KNOWINGLY "VIOLATE (RIGHTISM) Point R+ PRINCIPLES" AND ETHICS AND POLICY OF THE RIGHT. ADVERSARY "ACTS" AND "CONDUCT" DISPLAYED TOWARD ME SHOWED ABUSE OF POWER, AND I WAS NOT TO CHALLENGE THEM AS THEY DISPLAYED POWER OF DENIAL OF MY REHABILITATION OR THE USE OF OFFICIAL DETENTION PLACEMENT. (MERIT) DESERVE OR BE WORTHY OF, OUTSIDE ENTITY REHABILITATION PROGRAMS, SUCH AS MCDC, RIMROCK TREATMENT FOUNDATION ECT. AND NOT BE DISCRIMINATED AGAINST AS A "INDIAN PERSON." BETTERING MYSELF WAS WHAT I WAS THERE FOR AND THE (L.A.C.) GUSTAFSON WAS THERE TO HELP ME GET INTO A REHABILITATION PROGRAM BUT HER RECOMMENDATION WERE DENIED ON THE SPOT, AS WELL AS HER WELFARE CONCERNS FOR ME, SOLELY ON MDOC CLAIMS THAT THEY WON'T PAY OR APPROVE FOR DARRIN W. MATT NEEDS OF REHABILITATION SERVICES.

AFFIRMED UNDER OATH ON SAID DATE: 6-22-18

STATE OF Montana
COUNTY OF Toole
SIGNATURE OF INDIAN: Darrin W. Matt
SIGNATURE OF NOTARY: Darnit Knust



DANIEL KNUST
NOTARY PUBLIC for the
State of Montana
Residing at Chester, Montana
My Commission Expires
September 21, 2021

1.A

LAKE COUNTY ADULT PROBATION AND PAROLE DIVISION OFFICE, DEPARTMENT PUBLIC EMPLOYEE'S (LAURIE T, & KIM L.) DIDN'T SEEM TO THINK IT WAS RELEVANT WHEN THEY WAS USING IT TO SLANDER MY INDIVIDUALITY, DIGNITY, AND DISABLITY DISEASE IN FRONT OF L,A,C. COLLEEN GUSTAFSON, POISONED MY REHABILITATION, IT HAS LEFT ME A HELL OF REHABILITATION TO CLIMB THAT DOESN'T EVEN DEAL WITH MY EMOTIONAL AND MENTAL STATE OF MIND I WAS PUT IN BY THEIR "ACTIONS" OF "ACTS," (MISTREATMENT) ON OCTOBER 17, 2017. LET ALONE THEIR DISCRIMINATION AGAINST ME AS A INDIAN HUMAN BEING PERSON.

DID THEY ANY SENSE THAT THERE "ACTS" MIGHT BE INAPPROPRIATE TO ME AS A OFFENDER THEY ARE BOTH TRAINED PROBATION AND PAROLE OFFICERS OF THEY STATE OF MONTANA· THEY KNOW WHEN ITS APPROPRIATE AND WHEN IT'S NOT TO CROSS THE LINE INTO "ACTS" OF MISTREATMENT, STAFF MISCONDUCT AND IS WHOLLY CONSISTENT WITH THERE RIDICULE REMARKS OR STATEMENTS, AS THEY DONT DISPLAY LAPSE OF THOUGHT OR JUDGMENT HERE, JUST A RIDICULE REMARK AND STRAIGHT LOCK UP FOR INDIAN OFFENDER SUCH AS MYSELF, THERE IS NO WAY INCARCERATION CAN BE AVOICD AVOIDED, EVEN AS I AGREED TO THE ASSESSMENT, AND THE INFERANCE THAT (LAURIE T.) PLAYED A PART IN THE "RIDICULE MISTREATMENT," THIS IS KEY TO "THEIR" THEORY OF MOTIVE IN THE "ADDICTION DISEASE" CONDUCT OF MINE AND KNOWINGLY SETTING ME UP FOR FAILURE. ACTIONS VIOLATED POLICY DIRECTIVES AND PERFORMANCE & CONDUCT, THAT EFFECTIVELY POISONING MY MENTAL & EMOTIONAL MINDSET AND WELL BEING OF MINE, AS SHE (LAURIE T) STATES IT WITH INFURIATING PRETENSES. AS THEY ARE OPERATING ON THE NOTION THAT I WILL IN FACT GO OUT AND CONTINUE MY ADDICTION DISEASE AND NOT RETURN, "ABSCOND" AGAIN.

CODE OF ETHIC, POLICY DIRECTIVE ARE IN VIOLATION, AND FIXING POLICY WITH ANOTHER POLICY WILL NOT UNDO THE MISTREATMENT ACTS BY DIVISION BUREAU OF LAKE COUNTY OFFICE, YOU'RE STILL STUCK WITH THE FACT THAT IF NOBODY FOLLOWS THE POLICY, NOTHING HAS CHANGE AND THEY ARE PERMITTED TO "ABUSE" THE "POWER OF AUTHORITY" GIVEN TO THEM AS "OFFICERS" UNDER OATH. THEIR COURSE OF ACTIONS WAS UNWARRANTED AND UNPROFESSIONAL. THEREFORE I SEEK STATE LAW REMEDY M,C,A 45-5-204.

AFFIRMATION UNDER OATH ON SAID DATE: 6-22-18

STATE OF MONTANA

COUNTY OF MONTANA TOOLE

SIGNATURE OF INDIAN INDIVIDUAL Darrin W. Matt

SIGNATURE OF NOTARY: [signature]

DANIEL KNUBT
NOTARY PUBLIC for the
State of Montana
Residing at Chester, Montana
My Commission Expires
September 21, 2021

DANIEL KNUBT
NOTARY
SEAL
STATE OF MONTANA

SEAL

EXPIRE OF COMMISSION: 9-21-21

Sanders County Detention Center
ATTENTION: HEAD CHIEF JAILER
PO BOX 910
Thompsonfalls Montana 59873

May 26, 2018

Now I entered your holding facility on February 1, 2018 and I had clothing but I Donated that proprity when I was Booked in at 1500.

Therefore I Began a Formal written Complaint while at your facility By which your facility helped me retain Copies, and Mail ont with my Habeas Corpus to Judge Manley 106 4th ave E. Polson Montana 59860, And Department of Corrections 5.5 east Chance Gulch Helena mt 59620, By which I had a Copy for my self.

That Be said I provded Kenneth Denny a Copy also, and Now I lifte your holding facility on February 13 2018, With my Legal proprity (10X13 ENVELOPE Manila) Labeled with my Name and A.O.# upon which is approved under Montana State prison policy 4.1.3. Inmate Personal porperity, M.SP. 3.1.12 Inmate Escort and Transport.

Now The Start facility is Claiming that I Did not leave your Facility with Any Legal 10x13 Envelope, Therefore I was Deprived By Thift of my Legal proprity, (Stolen) Therefore Violating my Declaration of Rights Constitution of Montana, Individual Dignity, Illegal Search and Seizure of my Personal proprity.

To my Personal Belief, I Believe That Adult Probation and Parole Dursion has involment in the Deprivation of my Legal written, Habeas Corpus Complaint, Due to Start facility as Contracted And I was intentional placed there, When I explained that I will never go to that facility Due to the past humilention I have experienced there.

Now Please Provide me with Copies or your statement I left your facility with Said written Complaint · heas Corpus please.

Sincerly,
Darrin William Matt.

Written{Date-Time}     *Member
06/07/18      14:05   4578MARQU

Comments are for  I N T E R N A L  use only

ON 13 FEBRUARY 2018 I DETENTION OFFICER CARL MARQUARDT GOT INMATE DARRIN MATT READY FOR
TRANSPORT.  ALL MEDICATION, LEGAL DOCUMENTS, AND BOOKING SHEET WERE GIVEN TO C.C.C.S.
TRANDSPORT.

END STATEMENT

CARL MARQUARDT
DETENTION OFFICER 3514

 **CoreCivic**

Crossroads Correctional Center

50 Crossroads Drive

Shelby   MT   59474


June 12, 2018


**Matt, Darrin**

**A.O. #46290**

**C204**


Inmate Matt:

I'm writing you regarding your request to receiving money from your power-of-attorney.  Per MSP 3.3.6 you may only receive money from 1) your attorney (must be an attorney not power of attorney), immediate family member listed on your visitation list, and 1 approved non-family member.  I have attached a copy of your visitation list and if the individual that has your power-of-attorney is not on this list they must get you your visitation list.


Also I looked and it states your grievance regarding Parole and Probation and your placement was answered on 06/11/2018 as follows " Mr. Matt: I am in receipt of your Grievance, and this letter will serve as my formal response. You have filed grievances of which Deputy Chief Castro and Bureau Chief Lahiff have adequately provided responses. You have presented no substantiated issues of fact. The prevalent issue in your placement is the fact that you were recommended for Nexus to address your serious substance use disorder. After accepted by Nexus you refused placement in this treatment program. Because of your refusal to

participate in the Nexus treatment program you were properly placed at the Montana State Prison. Therefore, your grievance is hereby denied. Sincerely, Kevin Olson, Administrator Probation and Parole Division .

As you have switched facilities the official paperwork will probably be following you.

**C. Wandler**

**Classification Supervisor**

8-22-18  8:00am  GC MAYES (MEYERS) PROVIDED ONLY (B) & (C)

**MONTANA DEPARTMENT OF CORRECTIONS**
**PROBATION AND PAROLE DIVISION**

**OFFENDER INFORMAL GRIEVANCE RESOLUTION FORM**

Date: _____

Printed Name: _____ DOC ID #: _____

☐ I am at MASC (go to #1)
☐ I am on P&P supervision:
Printed Address: _____

Phone #: _____ Work #: _____ Location of P&P Office: _____

1. Describe the problem. Include date and time the incident occurred, names of staff involved, description of any evidence, and names of any witnesses. **Name the person(s) you are grieving.** WHAT did they do? WHEN did they do it? WHERE did this happen? and WHAT have you done so far to get the problem resolved? (Continue on back if necessary.)

_____
_____
_____
_____
_____
_____
_____
_____
_____

2. ACTION REQUESTED: _____
_____
_____

3. OFFENDER SIGNATURE: _____
By my signature above, I waive confidentiality to any records necessary to investigate and resolve my complaint and certify the truth of all my statements herein.

**Office Staff**: Received by:_____ Date:_____ Time:_____

**RESPONSE**: The action you request is / is not appropriate because _____
_____
_____
_____

Requested action is ☐ granted / ☐ denied. You have the right to grieve if this response does not satisfy you.

_____   _____   _____
RESPONDENT'S SIGNATURE                            TITLE          DATE

I acknowledge that I have received this response.  I do ☐ / I do not ☐ intend to appeal to the next level.

_____              _____
OFFENDER'S SIGNATURE                                        DATE

**A FORMAL GRIEVANCE USING FORM** *PPD 3.3.300 (C)* **MAY BE SUBMITTED IN PERSON OR POSTMARKED WITHIN FIVE (5) WORKING DAYS OF RECEIPT OF THIS RESPONSE. Attach copies of all pertinent information.**

| **For GC only:** EMERGENCY | Staff Conduct | Operational procedure | Standard |
|---|---|---|---|
| Received by:_____ | | Date:_____ | Gr. Case #:_____ |

Printed Name: _____ DOC ID #: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**MONTANA DEPARTMENT OF CORRECTIONS**
**PROBATION AND PAROLE DIVISION**

## STEP ONE - OFFENDER FORMAL GRIEVANCE RESOLUTION FORM

Date: _____

Printed Name: _____ DOC ID #: _____

☐ I am at MASC (go to #1)
☐ I am on P&P supervision:
Printed Address: _____

Phone #: _____ Work #: _____ Location of P&P Office: _____

1. Description of problem must include date and time incident occurred, attempts made to resolve, names of staff involved, description of any evidence, names of any witnesses. **Name the person(s) you are grieving.** WHAT did they do? WHEN did they do it? WHERE did this happen? and WHAT have you done so far to get the problem resolved? (Continue on back if necessary.)

_____
_____
_____
_____
_____
_____
_____
_____
_____

2. ACTION REQUESTED: _____
_____
_____

3. OFFENDER SIGNATURE: _____
By my signature above, I waive confidentiality to any records necessary to investigate and resolve my complaint and certify the truth of all my statements herein.

**Office Staff**: Received by:_____ Date:_____ Time:_____

**RESPONSE**: The action you request is / is not appropriate because _____
_____
_____
_____
_____

Requested action is ☐ granted / ☐ denied. You have the right to appeal if this response does not satisfy you.

_____    _____    _____
RESPONDENT'S SIGNATURE                        TITLE               DATE

I acknowledge that I have received this response. I do ☐ / do not ☐ intend to appeal to the next level.

_____    _____
OFFENDER'S SIGNATURE                                  DATE

**AN APPEAL TO THE BUREAU CHIEF USING FORM** *PPD 3.3.300 (D)* **MAY BE SUBMITTED IN PERSON OR POSTMARKED WITHIN FIVE (5) WORKING DAYS OF RECEIPT OF THIS RESPONSE. Attach copies of all pertinent information.**

| **For GC only:** | EMERGENCY | Staff Conduct | Operational Procedure | Standard | |
|---|---|---|---|---|---|
| Received by:_____ | | Date:_____ | | Gr. Case #:_____ | |

Printed Name: _____ DOC ID #: _____

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

OP 18-0544

OCT 02 2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DARRIN WILLIAM MATT,

Petitioner,

v.

ORDER

PAT McTIGHE, Core Civic,

Respondent.

---

Darrin William Matt petitions this Court for habeas corpus relief because his request for relief to correct his sentence has not been forthcoming from the Twentieth Judicial District Court, Lake County. Matt seeks clarification that the remainder of his sentence is approximately sixteen months. In his petition, Matt indicates the Department of Corrections (DOC) has calculated his parole eligibility or discharge date incorrectly. Matt explains that on January 31, 2018, in open court, the District Court revoked his suspended sentence for felony assault with a weapon and committed him to the DOC for "the remainder of his sentence (approximately 16 months)." Matt points out, however, that the February 12, 2018 written judgment did not include the time frame of sixteen months as the remainder of the DOC commitment. Matt states that he first sought relief with the District Court by timely filing a Motion to Amend Judgment of Sentence on May 11, 2018. Matt adds he has not received a ruling or amended judgment. Matt maintains the DOC cannot recalculate his sentence without this amended judgment.

Available electronic records indicate that on October 31, 2007, the Lake County District Court committed Matt to the DOC for a ten-year term with seven years suspended for assault with a weapon after receiving his guilty plea. On June 20, 2012, the District Court revoked his suspended sentence and imposed a seven-year DOC commitment with two years suspended. The court then revoked his two-year suspended sentence on

January 31, 2018, as referenced above, and committed Matt to an approximate sixteen-month commitment. The court also recommended the NEXUS program.

The problem here is Matt's written judgment does not include a time-specific commitment as reflected in Matt's attached minute entry for January 31, 2018. The written judgment, as attached to his petition, merely indicates in typed and hand-written formats: "The Defendant is committed to the Department of Corrections for a period of the remainder of his sentence." The DOC cannot recalculate his sentence because there is no judgment which states what his sentence is.

This Court recognizes habeas corpus relief may not be used to challenge a sentence upon revocation. Section 46-22-101(2), MCA. We have, however, stated previously, "[t]he writ of habeas corpus is designed to correct such flaws and to remedy 'extreme malfunctions in the state criminal justice systems.'" *Lott v. State*, 2006 MT 279, ¶ 20, 334 Mont. 270, 150 P.3d 337 (internal citation omitted). Matt's sentence upon revocation presents a "grievous wrong" because of his incarceration "pursuant to a facially invalid sentence . . . ." *Lott*, ¶ 22 (internal citation omitted). This sentence has resulted in him having no sentence calculation or probation discharge date. This flaw should be corrected.

We conclude a discrepancy exists between the oral judgment and the written judgments for Matt's 2018 commitment. Matt has demonstrated an illegal sentence or restraint. Section 46-22-101(1), MCA; *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. We further conclude sua sponte that this matter should be remanded to the Lake County District Court for amendment of Matt's judgement in Cause No. DC-07-21 to reflect that Matt is committed to the DOC for approximately sixteen months, beginning January 31, 2018. *See State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087 ("[W]hen a portion of a sentence is illegal, the better result is to remand to the district court to correct the illegal provision.") Therefore,

IT IS ORDERED that Matt's Petition for a Writ of Habeas Corpus is GRANTED for the sole purpose of remanding this matter, *State v. Matt*, Cause No. DC-07-21, to the

Twentieth Judicial District Court to AMEND the written judgment to reflect the specific term of commitment as stated above.

The Clerk is directed to send a copy of this Order to the Honorable James A. Manley, Twentieth Judicial District Court, Lake County; to Lyn Fricker, Clerk of District Court, Lake County, under Cause No. DC-07-21; to counsel of record, and to Darrin William Matt personally.

DATED this 2nd day of October, 2018.

_____
Chief Justice

_____

_____

_____

_____
Justices

3



# The Supreme Court of Montana

## SENTENCE REVIEW DIVISION

301 S. PARK, SUITE 328
P.O. BOX 203005
HELENA, MONTANA 59620-3005

**Shelly J. Smith**
Office Administrator
(406) 841-2976

**Georgia Lovelady**
Judicial Assistant
(406) 841-2977

Sentence Review Division

MAR 2 2 2018

March 13, 2018

Darrin Matt #46290
Montana State Prison
700 Conley Lake Road
Deer Lodge, MT 59722

RE:   Lake County - DC-07-021

Dear Mr. Matt:

The Sentence Review Division received your Application for Review of Sentence on 2/26/2018.

Please read through the following options and mark one, sign your name and return this form to the Sentence Review Division at the address at the top of this page by **March 21, 2018**.

☒ I am appealing my case to the Montana Supreme Court.  I understand that in accordance with Rule 2, Rules of the Sentence Review Division of the Supreme Court of Montana, it is my responsibility to file an Application for Review of Sentence within Sixty (60) days of the date of the decision on Appeal.

☒ I am filing a Petition for Post-Conviction Relief with the District Court.  I understand that in accordance with Rule 2, Rules of the Sentence Review Division of the Supreme Court of Montana, it is my responsibility to file an Application for Review of Sentence within Sixty (60) days of the date of the decision on the Petition.

☐ I do not wish to proceed with the Sentence Review Hearing.  Please find enclosed a signed and dated *Waiver of Right to Review of Sentence.*
**\*Do not send waiver back with form unless you are waiving your hearing**.

☐ I wish to proceed with the Sentence Review Hearing.  Place my Application on the Agenda for the scheduled hearings on **April 26 - 27, 2018**.  I understand that I will be mailed a Notice of Hearing at least thirty (30) days prior to the hearing date.

_Darrin William Matt_
Defendant's Signature

_March 16, 2018_
Date

_Shelly Smith_
Shelly Smith, Office Administrator
SENTENCE REVIEW DIVISION

## OFFENDER/STAFF REQUEST (OSR) FORM

TO: _Michelle McKinina   Records Department_          DATE: _3-26-18_
        (Name and title of staff person)

NAME: _Darrin Matt_        ID#: _46,290_    FACILITY: _M.D.LL_    UNIT: _A_
CELL/ROOM: # _4-21_

SUBJECT: (Briefly state your question and or concern and the solution you are requesting.  Your failure to be specific may result in no action being taken.  If necessary you may be interviewed in order to successfully respond to this request)

_I would like to apologize for my frustration on my_
_pervious OSR but request to see my file in the future_
_here at M.S.P._

_I also request the Calculation of sentence too please_

_                                    apologize and Thank you_

RECEIVED

MAR 27 2018

MSP RECORDS

STAFF RESPONSE: (for staff use only)

_Attached is your Sentence Calculation?_

☐ Addressed Verbally          ☐ Unanswered = violation of policy

_____     _Records_          _3-28-18_
(Staff Member Signature)          (Job Title)            (Date)

MSP 3.3.5, Inmate/Staff Communications Methods      Attachment A      Effective: February 26, 2015

| MATT, DARRIN WILLIAM   A046290 | |
|---|---|
| | SECOND SENTENCE |
| COUNTY | LAKE |
| CAUSE NO. | DC-07-21(RSS) |
| Offense Date | 1/9/2006 |
| SENT. DATE | 1/31/2018 |
| Turn Self In Date | |
| JAIL TIME CR | 14 |
| SENTENCE | 2 YRS |
| CONC OR CONSEC | Initial |
| Life Sentence Imposed? | No |
| Prison Term Years | 2 |
| Prison Term Months | 0 |
| Prison Term Days | 0 |
| Total Prison Term in Days | 730 |
| Probation Term in Years | 0 |
| Probation Term Months | 0 |
| Probation Term Days | 0 |
| Total Probation Term in Days | 0 |
| Sentence Commencement | 1/17/2018 |
| DEAD TIME | 0 |
| PAROLE ELIGIBILITY | 7/18/2018 |
| DATE PRISON DISCHARGES | 1/17/2020 |
| DATE PROB DISCHARGES | N/A |
| Committed in Prison or on Parole | No |
| Committed between 7-1-77 and 4-12-95? | No |
| Was there a Subsequent Parole after this sentence? | No |
| DATES OF PAROLES | N/A |
| Sentence Calculation Data Entered by: | sylvia dubuisson |
| Date Sentence Calculation Performed: | 3/27/2003 |
| Date Sentence Calculation Modified: | 2/11/2008 8/14/2012 2/27/2018 |
| Reason Modified and Initials of person modifying: | New Sentence/MG Prob Viol / B. Meier PROB VIOL / L. CURRAN |

| MATT, DARRIN WILLIAM   A046290 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| COUNTY | CAUSE NO. | Sentence Pronounced Date (SPD) | JAIL TIME CREDIT | SPD - Jail Credit | Sentence Commencement Date | Prison Term in Years, Months & Days | Prison TERM (DAYS) | MAX SENT. (W/O GOOD TIME) | DEAD TIME | MAX SENT.INC DEAD TIME |
| LAKE | DC-07-21(RSS) | 1/31/2018 | 14 | 1/17/2018 | 1/17/2018 | 2Year(s) &0Months &0Days | 730 | 1/17/2020 | 0 | 1/17/2020 |
| CAUSE NO. | GOOD TIME Balance Forward | MAX less GT Bal. Fwd. | Date Projecting From (DPF) | # Days between MAX and DPF | Good Time Rate for Projection | Time Projected to be Served | Good Time Projected to be Earned | Projected Discharge or Release Date | Probationary Term to follow (DAYS) | Probation Discharge Date (if applicable) |
| DC-07-21(RSS) | 0 | 1/17/2020 | 1/31/2018 | 716 | 0 | 716.0 | 0.0 | 1/17/2020 | 0 | N/A |

# GOOD TIME CALCULATION FORM

| MATT, DARRIN WILLIAM   A046290 | | | | | | |
|---|---|---|---|---|---|---|
| **STATUS** | **Judgement contains from and to = dates; date and jail credit = days** | **FROM DATE** | **TO DATE** | **DAYS** | **RATE** | **Good Time Earned** |
| Jail Time Credit | Days | 1/17/2018 | 1/31/2018 | 14 | 0 | 0.00 |
| Spd | | 1/31/2018 | | | | 0.00 |
| **LAKE** | **DC-07-21(RSS)** | **Total Good Time** | **FROM DATE ABOVE** | | | **0** |